No. 2780

Second Circuit

EATMAN v. T. & P. R. R. CO.

(June 28,. 1927. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Carriers of Passengers and Goods—Par. 125, 135.**

The provisions of Section 23 of the Uniform Bills of Lading Act No. 94 of 1912 and Article 2754 of the Civil Code do not limit the non-liability of the carrier to events stated therein but the carrier must show that the loss or damage to goods was occasioned by· accidental or uncontrollable events. This includes that the carrier was free from fault.

Appeal from' the Eleventh Judicial District Court of Louisiana, Parish of DeSoto. Hon. Hal. A. Burgess, Judge.

Action by Hardee E. Eatman against Texas & Pacific Railway Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Phelan W. Eatman, of Shreveport, attorney for plaintiff, appellee.

Wise, Randolph, Rendall & Freyer, of Shreveport, and Parsons & Colvin, of Mansfield, attorneys for defendant, appellant.

WEBB, J. The defendant appeals from a judgment holding it liable for damages sustained by a carload lot of merchandise shipped over its line by Reuleaux & Company from New Orleans to Grand Cane, Louisiana, and a penalty of fifty dollars assessed against it for failure to make a timely adjustment of the claim as provided by Act No. 29 of 1908.

The sole ground urged here for the reversal of the judgment is that the trial court failed to properly weigh the evidence offered in support of the defense that the car had been improperly loaded by the consignor and that the damage arose from such improper loading; while plaintiff contends that the evidence offered in support of the defense was inadmissible, as the bill of lading did not show that the car had been loaded by the consignor and at any rate that the evidence fails to show the damages to have resulted from improper loading.

The bill of lading was in the usual form, to the shipper's order with instructions to notify the plaintiff, and there was noted on the bill "signed for on connecting line switch ticket", and on trial defendant in-'roduced evidence, over plaintiff's objection, showing that the car had been received by defendant from another carrier and that the notation referred to a ticket or receipt which had presumably been issued by the other carrier to the consignor, and the testimony of the person issuing the ticket, who stated that the car had been loaded by J. J. Garvey & Company.

The objection made by plaintiff was based on the provisions of Section 23 of the Uniform Bills of Lading Act (Act No. 94 of 1912), which reads in part:

"The carrier may also by inserting in the bill the words, 'shipper's load and count,' or other words of like purport, in-

dicate that the goods were loaded by the shipper and the description of them made by him; and if such statement be true, the carrier shall not be liable for damages caused by the improper loading or by the non-receipt or by the misdescription of the goods described in the bill of lading."

And that parole evidence was not admissible, etc.

While Article 2754, C. C., provides that:

"Carriers and watermen are liable for the loss or damage of the things intrusted to their care, unless they can prove that such loss or damage has been occasioned by accidental and uncontrollable events."

The non-liability of the carrier is not confined to such events, and where the loading has been by the shipper the general rule is stated in Corpus Juris, Volume 10, page 121, No. 147, as follows:

"In general the loading and unloading of goods are under the carrier's control, and he is responsible for any loss or injury incidental thereto. Nevertheless when the shipper assumes the responsibility of loading the car and fails to see that it is properly prepared for the transportation of the particular article which he is loading, he assumes responsibility for all defects in loading which are necessarily invisible to the agent of the carrier ,who accepts the freight, or which he cannot discern by ordinary observation or such inspection as he can readily make, and if any loss or injury results from defective loading the carrier is not liable. * * * So the rule is broadly laid down in many decisions that when the shipper loads freight on a car for shipment the carrier who receives the car as loaded is not liable for damages which arise from the defects in the loading; that when the shipper assumes the duty of loading the cars for shipment, the carrier is not called on to see that the shipper has properly performed his duty in this regard. * * *

However, this view has not met with universal acceptance, and in a decision of the United States Supreme Court (Hannibal vs. St. J. R. R. Co., 12 Wall. 262, 20 Law Ed. 423), it was said: 'The liability of the common carrier attaches when the property passes, with his assent, into his possession and is not affected by the car in which it is transported or the manner in which the car is loaded. The common carrier is regarded as an insurer of the property carried and upon him the duty rests to see that the packing and conveyance are such as to secure its safety. The consequences of his neglect in these particulars cannot be transferred to the owner of the property.' * * * * "

And if the evidence was not admissible, considering that the bill of lading stipulated against damages arising from the fault of the shipper, it must result from the effect of the statute which must be considered as limiting the defense made to those instances where the bill of lading has inserted therein the words, "shipper's load and count", or other words of like purport.

The bill of lading in the present instance appears to have been negotiable, and to have been so considered by the defendant, and we are of the opinion that the defense set up by it was not available to it, and that the objection made to the evidence should have been sustained, as we do not conceive that the notation "signed for on connecting line switch ticket" was equivalent to the words, "shipper's load and count", which we are of the opinion must, under the statute, appear on the bill of lading in order that the carrier may avail itself of the defense that the damage resulted from the fault of the shipper in loading the car.

However, if the defense was available to defendant and the evidence admissible, it does not show that the car was loaded by Reuleaux &. Company, the shippers, but by J. J. Garvey & Company, with whom neither the shipper nor the plaintiff are shown to have had any connection; and further conceding that the car was loaded by the shipper, the evidence does not show that the manner in which the car was loaded was the proximate cause of the damage.

The barrels weighed about six hundred and fifty pounds each and were set upon their ends, and while the evidence indicates that they did not fill the car and that they should have been braced, it also shows that there was some timber or lumber in the car which might have been used for bracing, and it is not stated that the barrels were not braced.

The record does not contain any evidence as to the manner in which the shipment was handled by the defendant, and even though the barrels may have been braced and the car properly loaded, the strongest bracing would yield in some instances where the car was improperly handled; and we think that conceding that the car was loaded by the shipper and that it was not loaded as the witnesses for defendant would have suggested, that defendant could not escape liability for the damages sustained by the shipment in course of transit without proof that the shipment was properly handled.

"According to the law and jurisprudence of this state, to be relieved from the liability the carrier must show that the loss or damage has been occasioned by accidental or uncontrollable events, and this involves the proposition that the carrier must prove it was free from fault."

National Rice Milling Co. vs. N. O. & N. E. R. R. Co., 132 La. 615, 61 South. 708; also

Southern Cotton Oil Co. vs. N. O. & N. E. R. R. Co., 146 La. 541, 83 South. 821.

The judgment appealed from is affirmed.