HARDY, Judge.
This is a compensation case in which plaintiff, a twenty-four year old negro man, claims permanent and total disability. After trial there was, judgment rej ecting plaintiff’s demands, from which plaintiff has appealed.
Plaintiff’s petition alleges that he had been employed by the defendant as a pulpwood cutter; that he was injured on or about July 16, 1951 while in the regular course and scope of his employment, which injury occurred as he attempted to pick up a log; that the injury was manifested by a “sudden sharp. and severe pain in his lower back”; that as a result of the accident plaintiff suffered a strained back and "permanent damage to the nerves, muscles and ligaments of his back”; that he suffers pain at all times to such degree that he was unable to walk without suffering, and, finally, that by reason of the ■ disability resulting from the described accident and injury he was and has been unable to do work of any reasonable character, and is therefore totally and permanently disabled.
Despite the rather voluminous record of testimony adduced on trial of the case we do not think it necessary under the circumstances to devote any considerable time to a detailed discussion.
Proceeding first to a consideration of the medical testimony we observe that plaintiff tendered three expert witnesses. One of these witnesses was a radiologist who testified that the films of plaintiff’s back, in his opinion, disclosed no pathological condition. The testimony of another witness, a general practitioner who had treated plaintiff immediately following the injury and for a period of time thereafter up until trial of the case, was inconclusive. This witness testified that in his opinion plaintiff had sustained a strain of his back, which opinion appeared to be predicated upon a certain rigidity of the muscles in the lumbar area. The treatment prescribed by the witness appeared to consist principally of the administration of innocuous sedatives such as anacin and salic-ylates. The third witness, who was the admitting physician at tire Huey P. Long Hospital • in Pineville, where plaintiff reported for examination and treatment shortly following the accident, was definite in the expression of his opinion that plaintiff was suffering no disability at the time of such examination.
On behalf of defendant two distinguished and eminently qualified orthopedic specialists testified with reference to their examination of plaintiff. Both of these distinguished members of the medical profession were outspoken in their condemnation of plaintiff as a malingerer. By experience this court knows that members of the medical profession are exceedingly loath to express a conclusion of this nature and when such an expression is voiced its importance cannot be minimized. In the instant case these witnesses supported this opinion by a clear and logical presentation of their reasons therefor, which are convincing even to a layman.
*686 We think the above observations would be more than sufficient to justify the affirmation of the judgment of the lower court but we are further constrained to make the observation that this result is supported and substantiated beyond any question by the fact that the plaintiff himself on trial has demonstrated a gross untruthfulness, and it follows that his testimony must be considered completely unworthy of belief. This conclusion rests not alone upon striking and irreconcilable inconsistencies in plaintiff’s testimony but also upon the fact that his testimony was squarely impeached in one material respect. Plaintiff testified that he had not worked and had been unable to work by reason of his pain and suffering since the accident. It was established by two witnesses for defendant, operators of a gin in Colfax, where plaintiff lived, that plaintiff had been employed at the gin intermittently for a period of several weeks during the two months following the accident. In addition it was established that, at his request, plaintiff received his wages for this work by check made payable to his nephew, who was also a casual employee of the gin.
The judgment from which appealed is affirmed at appellant’s cost.