HARDY, Judge.
This is a compensation claim, and plaintiff appeals from a judgment rejecting his demands for total permanent disability.
On October 10, 1959, while employed as a derrick man on a drilling rig operated by M. *783 M. Lindsey Drilling Company, the defendant’s insured, plaintiff claims to have sustained accidental injuries to his back, which resulted in permanent and total disability. There is no question as to the occurrence of a minor accident at the time and under the conditions asserted by plaintiff. Engaged in racking pipe while standing on the monkey-board some 85 feet above the derrick floor, plaintiff was struck and knocked to the floor of the platform on which he was standing. Objective evidence of injury was manifested by a laceration of the right knee, which injury, however, was of a minor and non-compensable nature. After completing his duties on the monkey-board plaintiff descended to the derrick floor, and attempted to procure some sort of first aid medication or bandage for his cut knee, which, however, was unavailable. Plaintiff continued to work for two or three days in connection with dismantling the rig for removal from its location in the Topsy Field near Reeves, Louisiana, to the Choctaw Field near Baton Rouge, after which time he voluntarily discontinued his employment, spent several days in and about Baton Rouge, then returned to his home in Monroe and first sought treatment for his back from Dr. Alfons Altenberg on October 27, 1959, 17 days after the occurrence of the accident. There can be no question, in the light of the testimony of Dr. Altenberg, that at the time of his first consultation on October 27th plaintiff was suffering from a serious back condition, and, after continued conservative treatment over a period of some three months, a laminectomy was performed and the third, fourth and fifth lumbar discs were removed.
The sole issue presented in this case is whether plaintiff has established a causal connection between the accident of October 10th and the disabling back condition which was found to exist sometime subsequent thereto. This issue was resolved against plaintiff by the district judge on the basis of the testimony of the witnesses who appeared on trial. Our examination of the record fails to disclose manifest error in the conclusions reached by the district judge. Despite plaintiff’s contentions that he complained of an injury to his back immediately following the injury, this fact is categorically denied by every member of the drilling crew who was present at the time, including the plaintiff’s own brother, who was the tool pusher or foreman of the crew on duty. Additionally it must be noted that plaintiff’s actions following the occurrence of the accident do not serve to substantiate his claim. Plaintiff continued work without complaint, according to the vast preponderance of the evidence, and on the 19th of October procured the signing of his pay check, for services performed through the 14th, by his employer, Lindsey, to whom he made no complaint of any injury. To the contrary, on the occasion of meeting his employer, plaintiff indicated that he intended to return to work.
It is true that plaintiff’s wife, son and a brother corroborated his story that he had complained to them,of an injury to his back but the weight and value of this testimony is somewhat questionable and does not serve to overcome the effect of the testimony of disinterested witnesses. , .
We fail to find any evidence of manifest error in the judgment appealed from.
Before this court diligent counsel for plaintiff has alternatively urged the remand of this case for a new trial on the basis of newly discovered evidence. Motion for a rehearing was properly and timely urged in application to the district court on the basis of the purported testimony of plaintiff’s nephew, which assertedly would have the effect of contradicting and impeaching the testimony of his mother, given on original trial.
The only ground upon which we would be justified in remanding the instant case would require a finding that the district judge had abused his discretion in refusing a new trial. Such a conclusion is not justified on the face of the record. In this connection it is pertinent to point out that we have made no reference in our statement *784 of facts to the nature and effect of the testimony of plaintiff’s sister-in-law, for we did not consider it a highly persuasive factor. For this reason we cannot perceive how the full acceptance of the testimony of the new witness would effect any change in the result.
The judgment appealed from is affirmed at appellant’s cost.