HARDY, Judge.
This is a compensation claim and defendant appeals from judgment in favor of plaintiff as for total permanent disability.
We regard this case as involving purely and simply the factual issues as to the occurrence of the accident, and the disability resulting therefrom. Strangely enough, there is little conflict in the evidence as to the material facts, and the major differences between the opposed contentions of the parties depend upon the construction and weight which should be accorded thereto.
While in the regular course of his employment on the three to eleven P.M. shift on November 10, 1960, while engaged in unloading heavy rolls of paper, plaintiff alleged and testified that he felt an extremely sharp pain in his right lower abdomen, which lasted for a very brief period of time; after the pain subsided the plaintiff continued his work for approximately, thirty minutes until the termination of his shift; no complaint of pain, accident or injury was made by plaintiff to any of his fellow employees; upon returning to his home after finishing his work period, plaintiff felt the return of the pain, which grew progressively worse during the following morning, whereupon he telephoned his employer’s personnel department, reporting that he was sick and would not report for duty that afternoon; about noon plaintiff, assisted by his wife, sister and a male friend, was transported by automobile to the Wright-Bendel Clinic in the City of Monroe, where, after preliminary examination by Dr. Wright, he was immediately hospitalized for an initial period of ten days; upon admission to the clinic the bookkeeper advised plaintiff that she would make a report of his injury to his employer, but, according to her testimony, through oversight, she neglected to do so. Formal report of the accident was not .received by the employer until on or about November 22nd, some twelve days after the occurrence of the alleged accident.
As we have above indicated, there is no question of law here involved. The principles stated and supported by citations of authority on the part of counsel for defendant are so well established, understood and accepted as to need no elaboration; namely, that the plaintiff in a compensation case carries the burden of proof; is required to establish his claim to a legal certainty by a reasonable preponderance of the evidence, and the existence of mere probabilities or possibilities, as well as speculation and conjecture, are insufficient to discharge such burden. Equally well supported by unquestionable authority, as urged by counsel for plaintiff, is the principle that a compensation claim may be established by the testimony of the claimant alone when supported by corroborating circumstances.
In view of the uncontrovertible principles above noted, we reiterate our statement that the instant case must be determined solely upon the facts involved.
It is urged on behalf of defendant that plaintiff has failed to establish the occurrence of an accident and injury, and in support of this conclusion it is pointed out that he failed to complain to any of his fellow employees; that he made no report of an accident, but, on the contrary, reported himself “sick” the following day; that he continued his work in a normal manner until the end of his shift, notwithstanding ample opportunity to make known or report the alleged accident.
We point out that all of the above contentions are negative in nature and, as opposed to their acceptance, we have the consistent and credible testimony of plaintiff and other lay witnesses as to his progressive pain, disability and the seeking of medical attention over a period of little more than twelve hours following the claimed occurrence. Nor can we attach any importance to the fact that plaintiff *915 reported himself as “sick” rather than “injured.” We regard this as being an unimportant and somewhat technical conflict of terms. While it is true that plaintiff did not complain of his injury to any of his co-laborers or others in official position with his employer, we cannot find anything significant in this fact, for plaintiff himself testified that the sharp pain which he suffered had subsided. As to the continuance of his work after the contended accident, this period endured for only approximately thirty minutes, more or less, and, again, we fail to be impressed that any persuasive weight should be given this fact.
After careful analysis of the testimony with relation to the occurrence of the injury, we are impelled to the conclusion, in accord with the finding of the district judge, that plaintiff has satisfactorily established the occurrence of the accident and resulting injury through his testimony and the circumstances above noted, which strongly sustain his position.
By way of illustration, and in order to make our position clear by an analytical exposition of facts, we refer to a case strongly relied upon by learned counsel for defendant in connection with the interpretation of factual issues; Martin v. Fidelity & Casualty Company of New York, La.App., 124 So.2d 782.
In the cited case’ plaintiff was denied recovery on the ground that he had failed to establish a causal connection between the alleged accident and his disability. The distinctions between the facts under consideration in the Martin case and those which we regard as being established in the instant matter, may be briefly summarized:
Martin v. Fidelity & Casualty Co. of New York
1. Plaintiff contended and testified that he complained of an injury to his back immediately following the accident, which fact was categorically denied by every member of the drilling crew, including plaintiff’s own brother.
2. Plaintiff continued to work for two or three days and then voluntarily discontinued his employment without indication of injury.
3. Plaintiff first sought treatment seventeen days after the alleged occurrence of the accident.
4.Plaintiff complained to his wife, son and a brother, but the court held that this testimony did not overcome the effect of the testimony of disinterested witnesses.
Smith v. Olin Mathieson Chemical Corporation
1.Plaintiff does not contend, nor did he testify, that he made any complaint of pain, but asserted that the pain had passed and he was not aware of any injury at the time.
2. Plaintiff continued to work for only thirty minutes, more or less, and complained of pain to his wife within an hour or so later.
3. Plaintiff sought treatment within a period of not more than fourteen hours following the alleged accident, and assistance was required to transport him to his physician’s clinic.
4. Plaintiff complained to his wife, sister and a friend within a brief period of time and the positive testimony of these individuals is more effective than the negative testimony of defendant’s witnesses.
*916 We think the above comparative outline serves to completely differentiate the facts and the evaluation thereof as “corroborating circumstances.” It is further appropriate to note that the plaintiff in the Martin case was refused compensation by judgment of the same trial judge who heard and rendered judgment in favor of plaintiff in the instant case. In both cases our examination of the facts has failed to disclose error on the part of the trial judge.
The second factual issue with respect to the extent and nature of plaintiff’s disability is, of course, primarily dependent upon the expert medical testimony. We think it unnecessary to comment in any great detail upon the testimony of the several medical witnesses produced by the parties litigant. It suffices to say that Dr. Wright, upon plaintiff’s admission to his clinic, diagnosed his condition as attributable to an inguinal hernia, immediately hospitalized his patient and called in for consultation and diagnosis as to the condition of plaintiff’s back, Dr. Frank X. Cline, Jr., an orthopedic specialist. This expert was of the opinion that plaintiff had suffered a musculoligamentous strain of the upper lumbar area. Shortly prior to trial a myelo-gram was performed, and the opinions of the expert medical witnesses as to the evaluation thereof was in serious conflict. However, we think this particular point has been conclusively resolved. Dr. Alfons R. Altenberg, an expert orthopedic surgeon, testified that he found objective evidence of sciatic irritation and diagnosed plaintiff’s condition as resulting from a probable protruded lumbar disc at the lumbosacral level. Almost six months after trial of this case Dr. Altenberg operated upon plaintiff. By joint stipulation of counsel, filed in this court, a motion to supplement the record to the extent of incorporating the report of Dr. Altenberg, dated June 10, 1961, was allowed. The report of said date, describing the operative procedure, reads as follows:
“The above patient (plaintiff, John Smith, Jr.) was admitted to the Wright-Bendel Clinic on June 5, 1961 and on the 6th surgery was carried out. This was done under spinal anesthesia. Exploration of the Sth level on the right revealed a orotruded soft degenerated lumbar disc. This showed adhesions at this level. Some of the disc tissue had dissected up and down beneath the longitudinal ligament. The disc was removed without difficulty. In all probability he will be discharged from the hospital on the fifth post operative day. Exercises will be started. In all probability he will be discharged in three to six months from the time of surgery.”
We have experienced no difficulty in reaching the conclusion that the record abundantly sustains the finding that plaintiff suffered an inguinal hernia and a back injury consisting of a protruded disc and must be regarded as permanently and totally disabled.
We are not unaware of the argument advanced by counsel for defendant that by voluntary announcement at the opening of the trial the counsel for plaintiff excluded the disc injury as a basis for recovery and limited the case to a question of the existence of an inguinal hernia. Our examination of the statement referred to does not justify the conclusion that it was intended as an abandonment of the disability which might result from the back injury, but .rather as an explanation to the court. We feel that this point is more or less academic for a number of reasons, first, because Dr. Altenberg’s deposition, taken February 14, 1961, which is included in the record, clearly establishes his medical opinion that plaintiff was suffering from a “probable protruded disc.” Second, because the above opinion was incontrovertible corroborated by the operative procedure and Dr. Altenberg’s report thereupon, made a part of the record by the *917 stipulation above .referred to, and, finally, ■because we have also concluded that plaintiff was disabled by reason of an inguinal •hernia.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.