AYRES, Judge.
By this action, plaintiff seeks to recover of his employer’s surety workmen’s compensation at the maximum statutory rate as for total and permanent disability because of injuries arising out of an accident of April 28, 1960, allegedly occurring while plaintiff was in the employ of the Pel-State Oil Company, Inc., at one of its service stations in the City of Shreveport. On trial, plaintiff was awarded compensation at the rate of $29.25 per week for the period of his disability, not, however, to exceed 400 weeks, subject to credits of compensation paid to December 14, 1960. From this judgment, defendant appealed.
The record discloses that, while in the course of changing a heavy tire on a motor vehicle and while lifting the tire and rim, plaintiff’s foot slipped and, although he did not fall, he lost his balance and wrenched his back.
Plaintiff was hospitalized for a week and then discharged. During his hospitalization and afterward he was examined by seven physicians. Five of these physicians testified that plaintiff had sustained a back sprain from which he recovered in the course of a few months. One of these physicians testified that plaintiff was disabled, even though, from a physical standpoint, he could discern no reason why plaintiff could not return to work. An osteopath who examined and treated plaintiff likewise testified that he was disabled. During the trial, it was disclosed that plaintiff had recently been examined by another physician, one of his own choice, who was not called to testify.
Defendant concedes that plaintiff, in all probability, sustained a back sprain of a moderate degree and on account of which he was disabled for a limited time, but contends that, except for that period of time for which he was paid compensation, plaintiff had completely recovered and was fully able to return to work and discharge the duties of his former employment. The record further discloses that plaintiff, while contending that he was disabled and unable-to perform the duties of his employment,, was drawing unemployment compensation because of his inability to find a job, although ready, willing, and able to work.
Plaintiff was initially placed under the-care and treatment of Dr. C. H. Potts, a general practitioner, and Dr. D. F. Over-dyke, Jr., an orthopedist. Their diagnosis of plaintiff’s ailment was a lumbosacral sprain. Thereafter, plaintiff was placed under the care and treatment of Drs. C. R.. Reed and Ray E. King, orthopedists, who-found no evidence of permanent injury or-disability and certified, under date of December 14, 1960, that plaintiff was physically able to return to the performance of the duties of his employment.
However, during 1960, Dr. Overdyke examined plaintiff on several occasions. In reports made of these examinations, plaintiff' was generally referred to as healthy. In a-, report made just prior to trial, the doctor • stated he did not believe plaintiff could do-strenuous labor. But, as a witness during" the trial, this opinion was concededly predi- • cated, to a large extent, on plaintiff’s subjective complaints. From a physical standpoint, the doctor found no basis for belief' that plaintiff could not return to his regular ■ work.
In a report of an examination of plaintiff on August 11, 1960, Dr. Reed stated he-found no muscular weakness but good reflex, action. His x-ray examination was essentially negative except for some mild arthritis. He noted, as did the other examining • physicians, except Dr. Overdyke, that plain- - tiff’s complaint of numbness did not conform to known and recognized nerve patterns. Such complaints are generally considered, in the medical profession, as evidence of gross exaggeration, if not malingering. As a witness, Dr. Reed expressed' the opinion that plaintiff should have been-encouraged to return to work in August,. 1960.
Dr. King examined plaintiff under dates of August 21, September 19, October 19, and. *311 December 14, 1960. In the first of these •examinations he found no evidence of muscular weakness nor positive findings of injury or disability, and noted that plaintiff appeared healthy, walked and moved without difficulty, and performed the usual or-thopedic tests in a normal manner. X-ray ■examination noted no congenital defects or weakness. Under date of September 19, 1960, Dr. King reported that positive findings were very minimal and to him indicated ■only mild residuals of a lumbosacral sprain. On September 30th, the doctor reported that plaintiff should, in the near future, be discharged as able to return to work. On October 19th, plaintiff reported to Dr. King concerning his physical activities, including hunting, and an orthopedic examination made at that time was within normal limits. Diminished sensation to pinpricks over the left leg which did not conform to nerve patterns was noted. Dr. King discharged him on October 25th. On the last of these •examinations, muscle tone was found to be good; there was an absence of muscle •spasm, and reflex action was normal. An x-ray examination was negative. The doctor repeated that, from an orthopedic standpoint, he was unable to find any definite, positive, objective symptoms of disability as a result of plaintiff’s low back injury, and expressed the opinion that plaintiff was physically able to resume his regular occupation. On a basis of Dr. King’s report, compensation was paid from the ■date of the accident through December 14, 1960.
On plaintiff’s complaint of continued dis- . ability, defendant had him examined by Dr. Willis J. Taylor, orthopedist, and Dr. J. H. Eddy, Jr., a general surgeon. In the course of Dr. Taylor’s examination, he noted plaintiff’s numerous complaints but found none -of them supported by any subjective evidence of injury or disability. Plaintiff was found to be a well-developed individual who moved about frequently and without any obvious discomfort. A full range of motion was demonstrated and there was no muscle : spasm. An x-ray examination was negative except for minimal arthritis commensurate with plaintiff’s age. Dr. Taylor concluded that plaintiff’s complaints were subjective in character and there was no objective evidence of either injury or disability.
Dr. Eddy noted that plaintiff had probably sustained a back strain, but, at the time of the examination, there was no evidence of any serious injury, and he expressed the opinion that plaintiff was physically able to do the same work he was doing prior to the accident.
Drs. Reed, King, Taylor, and Eddy’s examinations were made independently and at different times and places. Each of them found evidence of exaggeration and complaints which did not conform to physical reality. Dr. Reed noted the stocking-type numbness in both right and left legs which did not correspond with any known nerve pattern. Although Dr. Overdyke did not test for this condition, he stated that such a condition indicates that patient is usually either grossly exaggerating or malingering. Dr. King noted and found the same condition which he described as “diminished sensation to pinpricks in both lower extremities” which, to him, indicated gross exaggeration of plaintiff’s symptoms. An exaggeration of complaints was likewise noted by Dr. Taylor, as well as by Dr. Eddy.
The general rule, well recognized in all civil cases, including workmen’s compensation matters, is that plaintiff bears the burden of proof and must establish his claims to a legal certainty by a reasonable preponderance of the evidence. Piske v. Brooklyn Cooperage Co., 143 La. 455, 78 So. 734; Nickelberry v. Ritchie Grocer Co., 196 La. 1011, 200 So. 330; Roberts v. M. S. Carroll Co., La.App. 2d Cir., 1953, 68 So.2d 689; Page v. Tremont Lumber Company, La.App. 2d Cir., 1958, 108 So.2d 1; Smith v. Olin Mathieson Chemical Corporation, La.App. 2d Cir., 1961, 133 So.2d 913; Ware v. Industrial Timber Products, Inc., La.App. 3d Cir., 1962, 147 So.2d 672.
Where a workmen’s compensation claimant seeks disability benefits for total *312 and permanent disability as the result of a wrenched back and as a result thereof is examined by seven medical doctors, only one of whom testifies he cannot do his regular work, five testifying to the contrary and one not testifying at all, it cannot be said that claimant has established the reality of his claim to a legal certainty and by a reasonable preponderance of the evidence. Barnett v. Walther Bros. Co., La.App. Orleans, 1952, 59 So.2d 487; Tucker v. Malone, La.App. 2d Cir., 1953, 62 So.2d 685; Davis v. Swift & Co., La.App. 2d Cir., 1953, 68 So.2d 670; Parish v. Arkansas-Louisiana Gas Company, La.App. 2d Cir., 1956, 86 So.2d 600; Marshall v. Maloney Carloading, Inc., La.App. 4th Cir., 1963, 154 So.2d 85; James v. Acme Window Cleaners, La.App. 4th Cir., 1963, 154 So.2d 540.
The judgment appealed, for the reasons assigned, is accordingly annulled, avoided, reversed, and set aside; and plaintiff-ap-pellee’s demands are rejected and his suit dismissed at his cost, including the cost of this appeal.
Reversed.