REID, Judge.
Plaintiff brought this suit against Jack L. Vince, doing business as Two Jack’s Restaurant, and his compensation insurer Sun Insurance Company of New York for workman’s compensation in the amount of Fourteen Thousand ($14,000.00) Dollars compensation at the rate of $35.00 per week beginning March 24, 1963 and extending for a period of 400 weeks, together with legal interest on each weekly compensation payment from due date until paid, and for the further sum of $2500.00, or so much thereof that may have been necessary for drugs, medical and hospital attention, with *735 legal interest thereon from date of judicial demand until paid and for the further sum of 12% on the entire award that may be made as a penalty for not having paid the compensation benefits due and as provided by law within 60 days of the notice of proof of loss, and for the further sum of $6000.00 as reasonable attorneys fees for prosecuting and collecting said penalty, with legal interest thereon from date of judicial demand until paid and all costs.
The plaintiff seeks compensation on the grounds that she was injured on March 23, 1963 while employed as a waitress at Two Jack’s Restaurant. She complains of being assaulted and beaten and battered by Guy J. Vince, son of Jack L. Vince, who was also an employee and manager of the restaurant.
Defendant filed an answer denying that the plaintiff was injured while in the employ of the defendant and denied that she was entitled to any compensation. Defendant admits that no compensation was paid because none was due. Sun Insurance Company of New York admitted that it had issued a policy of insurance under the provisions of Workmen’s Compensation Laws and that said policy was in effect on March 23, 1963.
The issues in this case are strictly factual. On March 23, 1963 plaintiff arrived at the restaurant and began her usual duties. Some time during the morning she admitted drinking a half glass of vodka. Jack L. Vince had to leave the place of business and cautioned an employee named Walter Myles to watch the plaintiff and if she became out of line to call him, or if he could not get him to call his son, Guy J. Vince.
Some time later around noon Myles called Guy J. Vince, and he came to the restaurant, Myles having failed to contact the elder Vince. When he arrived at the restaurant he found Mrs. McCoy in an intoxicated condition and managed to get her in the rear of the restaurant. Vince had Myles call the police who arrived and picked up Mrs. McCoy and took her to the police station from where she was transferred to the parish prison in Baton Rouge.
From thence on the testimony is conflicting. Mrs. McCoy swore that Jack Vince had struck her repeatedly and thrown her down on the floor and that she had refused to leave the premises until he had given her her check. He advised her that he could not give her the check as the checks had not been made up at that time, but that he would send it to her. Guy J. Vince denied striking her, admitted that he had picked her up several times when she had fallen down as a result of her intoxication, and that he had forcibly prevented her from going into the restaurant.
The District Judge filed written reasons, for judgment in which he stated that he was satisfied that Mrs. McCoy was in a very drunken condition at the time she left Two-Jack’s Restaurant with the police officers. He rendered judgment in favor of the defendant, rejecting plaintiff’s demands and dismissing her suit at her costs. From this-judgment plaintiff prosecutes this appeal.
Plaintiff, testifying in her own behalf, stated that she had been struck repeatedly by young Vince and had called repeatedly for help but none was given to her by any of the people in the restaurant. Mrs. McCoy was picked up by the police at about two o’clock. She stated they took her to-the police station and while she protested heavily that they proceeded to lock her up- and she stayed there until she was released about nine o’clock that night. Several pictures were offered in evidence which do-show some bruises on Mrs. McCoy’s body. The pictures however in the arrest file do-not show any bruises about her face, although the two arresting officers stated that she did have a slight scratch or bruise-on the corner of her lip. The testimony of the two officers is to the effect that she was-cursing and abusing them, kicking at them,, and that she was very intoxicated and in ar very belligerent condition.
*736 Mrs. McCoy put on the stand several doctors including Dr. Carlton L. Harris, Dr. Joseph Sabatier, and Dr. Alvin Stander, Dr. Thomas Campanella and Dr. Milton Holt. Dr. Harris, Dr. Campanella, Dr. Holt and Dr. Stander all testified that she had bruises on her body when they examined her. She related a case history of having been beaten by the younger Vince at the restaurant. However, the doctors admitted that she could just as easily have received the bruises struggling with the officers or falling down as a result of being intoxicated. Mrs. McCoy testified that she had a half glass of vodka but that she was not intoxicated and that the altercation with the younger Vince arose because he accused her of going out with someone else the night before.
The two arresting officers were Murray E. Higgins, and Russell L. Fontenot, Sr. They testified that Mrs. McCoy was intoxicated.
There were two other employees who testified in this case, Walter Lee Myles, a negro janitor, and Chin Bow Wing who specialized in Chinese cooking. They both testified that Mrs. McCoy was intoxicated.
The officers at the police station, including Richard W. Wall, a deputy sheriff, Mrs. Betty M. Greeson, employee of the City Police Department, and Mrs. Nona Nor-wood, matron of the parish jail testified that she was obviously drunk. Mr. Wall testified that she was highly intoxicated, quite obscene and boisterous. Mrs. Nor-wood testified that she was drunk and belligerent.
In addition, Captain William Louis Gun-dy of the city police testified that she was under the influence of some form of alcohol, and she used vile and profane language, struggling and fighting the police officers and that she cursed him out pretty good.
In addition to that several of the police officers, including Fontenot, Higgins, Wall, Mrs. Norwood and Gundy testified that they could observe no particular bruises or marks on her at the time she was brought in. In addition to these Cecil W. Evans, a Sergeant from the East Baton Rouge Sheriffs Office and William Elliott Robertson, Jr., a deputy sheriff assigned to the Booking Desk corroborated the fact that she did not appear to have been beaten up in any way. There was also some testimony of record that she first made no complaint as against the Vinces but later she blamed young Vince for her condition.
Our Courts have repeatedly held that the plaintiff in a compensation suit bears the burden of proof, and must establish his claim by a preponderance of evidence to a legal certainty. See Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1; Glover v. Acme Brick Company, La.App., 153 So.2d 102; Kagler v. Travelers Indemnity Company, La.App., 151 So.2d 131.
The Lower Court in the written reasons for judgment stated that it did not feel that Mrs. McCoy could have become as intoxicated as she was on the small amount of vodka which she claims to have consumed and was of the opinion that she drank much more than that.
The Court also stated that plaintiff had failed to prove by a preponderance of the evidence that the injury complained of occurred while acting in the scope of her employment as a waitress at Two Jack’s Restaurant.
The Court rejected plaintiff’s demands and dismissed plaintiff’s suit at plaintiff’s costs. With this finding of the Court we are in accord. We do not find any manifest error.
For the foregoing reasons the judgment of the Lower Court is affirmed.
Affirmed.