JANVIER, Judge.
Ferdinand Miller appeals from a judgment dismissing his suit in forma pauperis *698 for compensation. He contends that he has been totally and permanently disabled as the result of an accident, which occurred on May 25, 1964, while he was engaged as a janitor by Newcomb College of Tulane University. Defendant-appellee is the compensation insurer of the college.
Miller, 54 years of age at the time, opened the door of an elevator shaft of one of the dormitories, mistakenly thinking that the car was at that floor. He fell to the bottom of the shaft, a distance of three or four feet and sustained injury. It was found that he suffered from a right inguinal hernia and that surgery was advisable. The operation was performed on June 5 and he was hospitalized and disabled until July 24 at which time he was discharged as able to return to work. He was paid all compensation and all hospital and surgical expenses.
Miller did not return to work and complained of back trouble which the physician who then examined him felt was the result of arthritis and a congenital structural abnormality of long standing. However, on that examination, which was on August 28, it was found that he was suffering from a small left inguinal hernia.
The examining physicians and surgeons were of the opinion that this hernia had not resulted from the accident and that his condition at that time was solely the result of his preexisting arthritic condition and his long standing structural abnormality. The suit resulted.
The only question before us is whether the present condition of his back and lower extremities and the appearance of the left inguinal hernia resulted from the accident.
Two surgeons, who testified on plaintiff’s behalf, stated that they thought that the accident had caused the hernia, but at least three others were firmly of the opinion that the second hernia, and possibly the first also, had resulted from the congenital condition which had existed for many years.
The medical testimony is quite lengthy and we see no necessity to discuss it in detail. All that need be said is that those surgeons who testified for plaintiff would go-no further than to say that there was a possibility that the second hernia was due to-the accident, whereas the other surgeons and physicians, more numerous, were firmly of the opinion that the accident was not the-cause. It was abundantly shown that, for many years, the plaintiff had suffered from arthritis and from a structural deformity in his lower extremities which had caused him discomfort.
The District Judge was convinced that plaintiff’s present condition and the second hernia did not result from the accident. We cannot say that he was in error..
It is true that in compensation cases the rules of evidence are to some extent relaxed, nevertheless it still remains the obligation of the plaintiff to bear the burden of proof, and in this the plaintiff has failed completely.
In Keener v. Fidelity and Casualty Company of New York, 96 So.2d 509, the Court of Appeal for the First Circuit said:
“Conjecture and probability may not serve as a basis for a judgment in workmen’s compensation cases.”
In Henderson v. New Amsterdam Casualty Company, La.App., 80 So.2d 438, we said:
“In order for us to hold that the plaintiff had sustained a ruptured inter-vertebral disc, we would have to indulge in some rank speculation. A plaintiff in a suit under the Workmen’s Compensation Act is required to make out his case by a preponderance of testimony * * * ”
The attorney, who had represented the plaintiff in the District Court and who perfected the appeal, withdrew before the case was reached by us for hearing, and when the case was called, no brief had been filed on plaintiff’s behalf and no attorney appeared to represent him.
*699 In person, therefore, he asked permission to present his case and was permitted to do so. We mention the two principal arguments which he presented, not because either has the slightest reason to be considered, but solely because he, as a layman, seems to feel that his case has not been properly presented. He argued that the case should have been tried by a jury and also that he should not have been required to claim only compensation, but should have been permitted to make a claim for damages ex delicto. Of course, since he was required to work around elevators and other forms of machinery, his claim necessarily was in compensation and not in damages, and his contention that he should have had a jury trial is clearly without merit ■since Article 1733 of our Code of Civil Procedure provides that “ * * * A trial by jury shall not be available in * * * workmen’s compensation * *
The judgment appealed from is affirmed.
Affirmed.