LANDRY, Judge.
This action by plaintiff Daniel Spears for workmen’s compensation benefits, penalties and attorney’s fees was rejected by the trial court on the ground that plaintiff established the occurrence of an accident but failed to prove by a preponderance of evidence that any disabling injury resulted therefrom. We are in complete accord with the finding of the lower court.
Plaintiff’s occupation is classified as “payloader operator.” The accident in question occurred September 2, 1965, as plaintiff was alighting from a large tractor known as a “payloader.” While stepping down off the machine, plaintiff’s *112 trouser leg caught on a protrusion from the tractor causing him to trip and fall on his back. Prior to the accident, the machine had been causing some difficulty by “burning oil.” Plaintiff suffered no pain immediately following the incident and for a period of four or five days thereafter did not feel that he had suffered any injury as a result of the fall.
Several days after the mishap, plaintiff began experiencing headaches which he first attributed to smoke inhaled while operating the tractor. Plaintiff also believed the headaches might have resulted from his wearing a “hard hat” which fit him too tightly. In any event, he did not seek medical treatment until September 27, 1965 (almost a month following the accident) on which date he consulted Dr. Hector M. Ruiz, a general practitioner. It appears, however, that plaintiff made an appointment with Dr. Ruiz for September 8, 1965, which was not kept due to the occurrence of Hurricane Hilda necessitating evacuation of the Morgan City area in which plaintiff then resided.
Upon trial below, plaintiff’s chief complaint was of injury to the cervical region, particularly subluxation of C-4 on C-5, damage to the ligamentous structures in the area of C-4 and C-5, and injury to his back.
At the time of the accident plaintiff was in the employ of defendant Pelican State Lime Company (Pelican Lime), the insured of defendant The Travelers Insurance Company. James D. Brown, plant manager for Pelican Lime, testified he had no knowledge of an accident befalling appellant in the course of appellant’s employment by the company. Brown first became aware plaintiff had experienced an accident when he received a letter from plaintiff’s attorney in October, 1965. He received no notice or report from any medical authority advising that plaintiff was unable to work. When informed of the accident, Brown inquired of plaintiff’s co-employees and found that none had any knowledge of plaintiff having been involved in an accident on the date in question. Mr. Brown testified further that during the period September 2nd to September 28th, plaintiff’s work record was especially good in that plaintiff worked 12 hours daily due to a shortage of help following Hurricane Hilda and also that the only time missed by plaintiff was during and immediately following the hurricane while work was suspended.
Plaintiff’s testimony is essentially that following the accident he began to experience headaches for which symptom he made an appointment to see Dr. Ruiz on September 8th. Due to the occurrence of the hurricane, he did not keep this appointment. He continued to have headaches and consulted Dr. Ruiz on September 27th, 1965. Despite treatment by Dr. Ruiz, the headaches persisted and were eventually accompanied by back pain. He also consulted Dr. Cornelius Glen Whitley, defendant’s company doctor, for chemical burns on his hands and additionally complained of headaches and back pain. Plaintiff further testified that medication prescribed by Dr. Ruiz produced drowsiness which prompted Brown to relieve plaintiff of the duty of driving a payloader. Notwithstanding medication and heat treatments administered by Dr. Whitley, plaintiff continued to suffer headaches, back pain and neck pain which prevented his continuing in defendant’s employ. Plaintiff further testified that at the time of trial his back pains had virtually disappeared but that because of the constant pain in the neck region, he was unable to perform the work in which he was engaged at the time of the accident. Plaintiff also testified that since leaving defendant’s employ he had been unable to work except for one 40 hour week during which he was engaged as a laborer by Dorry Bros, in Cape Girardeau, Missouri, to which city he moved following his injury.
Samuel Martin Roberts and Edwin Joseph Zimlach, superintendents in the em *113 ploy of defendant Pelican Lime, testified in effect that plaintiff worked under their personal supervision following the accident. They stated that whereas plaintiff complained of dizziness and difficulty with his eyes, he never complained of either his neck or hack and never reported the occurrence of an accident.
Dr. Ruiz first examined plaintiff September 28, 1964 (almost one year prior to the accident) for abdominal pain. He acknowledged that plaintiff had made an appointment for September 8, 1965, which was not kept due to the hurricane. On September 27, 1965, plaintiff complained of headaches which Dr. Ruiz attributed to tension and for which he prescribed a mild drug known as “fiornal.” Discussion of the symptoms and possible causes thereof with plaintiff led Dr. Ruiz to believe plaintiff was under considerable stress and strain in regard to his employment and his ability to continue therein. Plaintiff did not report the occurrence of an accident and neither did he complain of neck or back pain. Dr. Ruiz saw plaintiff on one or two other occasions, the last being October 8, 1965. Plaintiff still complained only of headaches. Based on symptoms and history narrated by plaintiff, Dr. Ruiz felt the headaches were due to tension resulting from anxiety over his employment. Dr. Ruiz did not in any way relate plaintiff’s headaches to a neck injury.
On October 11, 1965, plaintiff consulted Dr. Glen Whitley, a general practitioner, relating complaints of lime burns on both hands and exposure to fumes from a leaky gasket on a front end loader. During the course of Dr. Whitley’s examination, it was elicited that plaintiff was suffering with backaches involving the left side. Dr. Whitley concluded plaintiff was afflicted with a mild sacroiliac sprain on the left side. Dr. Whitley was of the further opinion plaintiff’s headaches were produced strictly by tension and were unrelated to the so-called “asphyxiation” recounted by plaintiff. While plaintiff related an accident allegedly occurring in August, 1965, when plaintiff reputedly was overcome by fumes and fell from a payloader injuring his back, plaintiff did not complain of any neck injury whatsoever. Dr. Whitley’s examination disclosed no evidence of muscle spasm in the cervical area and no objective symptom of injury to plaintiff’s lower back. X-rays of the lumbar spine and pelvis area proved negative. The only objective findings noted by Dr. Whitley were lime burns on plaintiff’s hands. Plaintiff was seen again by Dr. Whitley on October 21, 1965, with reference to complaints involving the sacroiliac area on the left side. At this time it was noted plaintiff had not followed treatment prescribed on the previous visit. On this last visit Dr. Whitley recommended plaintiff resume light work. Dr. Whitley was of the opinion plaintiff’s alleged asphyxiation bore no relation to the headaches because of the time elapsed since the asserted asphyxiation. Moreover, Dr. Whitley entertained serious doubt that the accident of September 2nd could have caused plaintiff’s complaints considering plaintiff worked 21 full days thereafter, many of those on overtime shifts.
Dr. Charles V. Hatchette, orthopedist, examined plaintiff on October 28, 1965, at the request of plaintiff’s attorney. Plaintiff related a history of having been injured approximately two months previously when plaintiff became asphyxiated by fumes and fell from a payloader suffering discomfort in the right cervical region and occipital headaches and back pain. According to plaintiff the neck pains became so severe he was compelled to cease work. Physical examination by Dr. Hatchette proved generally negative excepting X-rays which disclosed subluxation of C-4 on C-5. Dr. Hatchette felt there had been some injury to the ligamentous structure of the neck and prescribed a neck collar and certain physical therapy. Dr. Hatch-ette described subluxation as forward slippage of the fourth cervical vertebra on the fifth cervical vertebra. Although he *114 classed plaintiff’s cervical disability as mild, he was of the opinion plaintiff should not resume heavy work at that time. Dr. Hatchette was of the opinion that plaintiff’s cervical complaints were consistent with the type of accident related to have occurred September 2, 1965.
Dr. Walter H. Daniels, general practitioner, first examined plaintiff on November 26, 1965. Plaintiff complained of pain in the posterior and lateral neck regions and of frequent headaches. Plaintiff related a history of having fallen from a payloader on September 2, 1965, and injuring his neck. Daniels noted a peculiar “clicking” over the cervical vertebra upon full extension and flexion of plaintiff’s neck accompanied by minimal muscle spasm but observed no other objective findings. In Dr. Daniels’ opinion plaintiff’s complaints were legitimate and plaintiff appeared to be having some difficulty, especially with a hypermotility of cervical vertebrae 4 and 5. Dr. Daniels was also of the opinion the condition of plaintiff’s verterbrae could be the cause of the headaches and dizziness of which plaintiff complained.
The issue presented for determination is purely factual. Simply put, the question is did plaintiff establish by a preponderance of evidence that the injury complained, of namely, injury to the cervical region, resulted from the accident which occurred September 2, 1965 ?
In deciding the issue against plaintiff, the trial court concluded as follows:
“It appears that plaintiff has established the occurrence of the accident he sued upon although he is unable to produce an eyewitness to it because he amply corroborated it by mentioning it to several persons. However, he has failed to establish by a preponderance of the evidence that he received the injury he sues upon in the accident.
The injury is a partial dislocation of the fourth and fifth cervical vertebrae. Such an injury is mechanical, or physical. It is painful and the pain should manifest itself immediately upon or shortly after its occurrence. The theory that the pain only manifested itself almost two months after the injury is hardly acceptable.
Had the injury been inflicted as plaintiff claims, it is not conceivable that he could continue to work during the period of twenty-six days before he visited a doctor. When he did, he complained only of headaches. The doctor found them to be caused by emotional tension. Later, he visited another doctor for headaches and pain in his lower back and lime burns. He did not mention to this doctor, either, about pain in his cervical region.
Dr. Hatchette estimates the duration of some disability for this type of injury at about three months. Accordingly, plaintiff should have been well on his way to recovery when the symptoms became manifest, about two months after the alleged accident.
Obviously, plaintiff has failed to establish by a preponderance that he received the .injuries he sues for in the accident he mentions.”
After reviewing the record in the instant matter, we express our complete accord with the above noted factual findings of the trial court.
It is settled law that in a workmen’s compensation case, as in any other civil matter, the plaintiff bears the burden of establishing his case by a preponderance of evidence. Davis v. Western Casualty and Surety Company, La.App., 159 So.2d 309.
Although the rules of evidence are somewhat relaxed in workmen’s compensation cases, it nevertheless remains plaintiff’s obligation to bear the burden of proof. Miller v. Commercial Union Insurance Co. of New York, La.App., 182 So.2d 697.
*115 Plaintiff in a workmen’s compensation case bears the onus of proof and must establish his claim to a legal certainty by a reasonable preponderance of evidence. Proof amounting to mere speculation, conjecture, possibility or even unsupported probability is insufficient to support a judgment for workmen’s compensation benefits. Meyers v. Employers Liability Assurance Corp., La.App., 176 So.2d 658.
We find as did the trial court that plaintiff in the case at bar has failed to discharge the burden incumbent upon him.
Accordingly, the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.