SAMUEL, Judge.
Plaintiff instituted this suit against his employer, Chrysler Corporation, and its compensation insurer, The Travelers Insurance Company, for total and permanent disability benefits under the Louisiana Workmen’s Compensation Act. After a trial on the merits judgment was rendered in favor of the defendants, dismissing plaintiff’s suit at his cost. Plaintiff has appealed.
*637 The only questions presented in the trial court and in this court are whether plaintiff has proved, with the legal certainty required by law: (1) he did sustain injury by an accident arising out of and in the course of his employment; and (2) if such an accident did occur, the injuries resulting therefrom were disabling under the statute as he alleges.
Our settled jurisprudence is that in a compensation case, as in other cases, the plaintiff bears the burden of proof; he is required to establish his claim to a legal certainty and by a reasonable preponderance of the evidence. Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1; Nickelberry v. Ritchie Grocer Co., 196 La. 1011, 200 So. 330; Poindexter v. South Coast Corp., La.App., 204 So.2d 615; Banks v. Almond Bros. Lumber & Supply, Inc., La.App., 200 So.2d 713; Flowers v. E. M. Toussel Oil Co., La.App., 190 So.2d 147; McCoy v. Vince, La.App., 180 So.2d 734; Credeur v. McManus, La.App., 175 So.2d 863; Davis v. Western Casualty and Surety Company, La.App., 159 So.2d 309; Glover v. Acme Brick Company, La.App., 153 So.2d 102; White v. Insurance Company of North America, La.App., 150 So.2d 908.
The only evidence contained in the record relative to the occurrence of the accident is the testimony of the plaintiff himself and a Mr. Vincent C. Mancuso, a fellow employee called as a plaintiff witness. Plaintiff testified as follows:
At the time of the accident he was employed by Chrysler as a checker, employment which involved receiving, checking and sorting various stock items kept in storage bins. On October 13, 1965 he and a man named Doucet, a fellow employee, were attempting to move a heavy (250 lb.) bar from one of the bins and were having difficulty in doing so. At that time Man-cuso came along and volunteered to help. Plaintiff hurt his back while pulling the bar. He told both Doucet and Mancuso he had hurt his back and was going to sit down. He then sat in a chair for about twenty minutes. He reported the accident the next day, was referred to first aid at the plant and sent to a Dr. Houston who examined him and told him he could return to work. He continued to work, losing a total of only one day during the following month as a result of the accident, but lifting nothing over twenty-five pounds. He also continued to complain and was seen by several doctors to whom he was referred by the defendants and by various doctors of his own choosing.
Mancuso testified: He was employed as a tool room clerk in the same department as plaintiff. He knew nothing of any accident sustained by plaintiff while at work. However, on one occasion when he and plaintiff were seated at adjoining desks, plaintiff told him he had hurt his back. Mancuso advised plaintiff to see the supervisor. Plaintiff did not tell Mancuso how he had hurt his back or what he had been doing at the time the injury was sustained. Occasionally he had helped plaintiff lift “light stuff”, but he did not recall plaintiff complaining that he had hurt his back at any time he had been giving such assistance.
Doucet, the other witness to the accident according to plaintiff, was not called as a witness.
We find no error in the trial court’s conclusion that plaintiff has failed to carry his burden of proving the alleged accident occurred in the course of his employment with Chrysler. The only evidence that the accident did so occur is the testimony offered by the plaintiff himself. That testimony is refuted by Mancuso, the sole witness called by plaintiff to prove the occurrence of the accident and the only other witness who testified relative to that occurrence. If, as plaintiff testified, Man-cuso had been assisting plaintiff and Dou-cet in moving a heavy bar when plaintiff had hurt his back, and plaintiff had informed both of the other men of that injury and then had sat down for about twenty *638 minutes, it is apparent that Mancuso certainly would have recalled the incident. Yet Mancuso testified he has no such recollection, he knew nothing of the alleged accident until plaintiff later gave him that information and, although on some occasions he did give plaintiff assistance in lifting relatively light objects, he did not remember ever giving such help in lifting anything heavy.
In addition, plaintiff’s failure to call Doucet results in an application of the rule of evidence to the effect that the failure to call an available witness, who possesses peculiar knowledge concerning facts essential to a party’s cause, raises the inference or presumption that the testimony of the witness not called would not sustain the party’s contention and would prove detrimental to his cause. Walters v. Coen, 228 La. 931, 84 So.2d 464; Pearlstine v. Mattes, 223 La. 1032, 67 So.2d 582; Succession of Yeates, 213 La. 541, 35 So.2d 210; Bates v. Blitz, 205 La. 536, 17 So.2d 816; Bourgeois v. Bourgeois, 202 La. 578, 12 So.2d 278; Perez v. Meraux, 201 La. 498, 9 So.2d 662; Marshall v. Southern Farm Bureau Casualty Co., La.App., 204 So.2d 665; Veillon v. Sylvester, La.App., 174 So.2d 189; Storm v. Johnson, La.App., 23 So.2d 639.
Here the witness, Doucet, certainly possessed peculiar knowledge concerning the occurrence of the accident; according to plaintiff’s testimony, he was one of only two witnesses to that accident. The witness was available to the plaintiff for, as we understand plaintiff’s testimony, at the time of trial that witness was still in Chrysler’s employ. The record contains no satisfactory reason for, or satisfactory explanation of, plaintiff’s failure to produce Doucet.
We find it unnecessary to discuss the second question, whether plaintiff is disabled. Compensation cannot be recovered for disability allegedly resulting from an accident in the absence of sufficient proof that the accident arose out of and in the course of plaintiff’s employment and this suit properly was dismissed solely upon plaintiff’s failure to offer such proof.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.