BOLIN, Judge.
While employed by Clyde E. Sullivan, Inc., plaintiff received accidental injuries for which he was paid the maximum weekly workmen’s compensation benefits for approximately twenty weeks, at which time he was discharged by the treating physician as being able to return to work. This suit was instituted June 24, 1971, against his employer and its compensation insurer for the balance allegedly due him for total and permanent disability plus medical expenses, interest, costs, penalties and attorney’s fees, less the amount previously paid. From judgment in favor of plaintiff for the balance due as workmen’s compensation benefits, rejecting his demands for penalties and attorney’s fees, and further decreeing that defendants had the option of requiring plaintiff to receive physical therapy treatments, defendants appeal and plaintiff answers the appeal. We amend the judgment so as to delete that portion granting defendants the option to require plaintiff to receive therapy treatments and as amended the judgment is affirmed.
Pursuant to a pretrial conference and stipulations between counsel, plaintiff’s employment, rate of pay, injury and entitlement to the amount of compensation previously paid, is not in dispute. The only issues before this court are whether plaintiff is totally and permanently disabled; whether he is entitled to penalties and attorney’s fees; and whether the judgment of the lower court relative to future therapy treatments was correct.
Plaintiff was injured on July 16, 1970 while employed by Sullivan as a log-cutter. While in the process of cutting a tree with a chain saw the tree fell across a small gum sapling, resulting in the chain saw “kicking back” and inflicting deep and serious lacerations to plaintiff’s right leg. On the day of the injury the employee was hospitalized in Hodge, Louisiana, where he was examined and treated by Dr. Mc-Keithen, a general practitioner. Dr. Mc-Keithen sutured his wounds and kept him in the clinic at Hodge for several days.
Plaintiff failed to respond to the treatment as well as the doctor felt he should and he was referred to Dr. Cline, an orthopedic surgeon of Monroe, who examined plaintiff at the Hodge clinic. After being treated by Dr. McKeithen for several weeks and also being examined and treated by Dr. Cline on several occasions, plaintiff *252 was advised to make an attempt to do some type of work.
His efforts to return to work were unsuccessful and he was later examined and treated by T)rs. Bundrick and Hightower, orthopedic surgeons of Shreveport, and Dr. Faludi, a neuro-surgeon of Shreveport. All of these experts testified either in open court or by deposition. Although their testimony varied, none of them was willing to say that plaintiff had completely recovered from any disability suffered as a result of the accident. Drs. Bundrick and Hightower were of the general opinion plaintiff had injured his low back resulting in a possible ruptured disc and nerve root involvement. Dr. Hightower performed an electromyographic study of plaintiff’s lumbar area and his right lower extremity. He explained this procedure as a method of using needle electrodes which are inserted into various muscle groups supplied by nerves, whereby the function of the muscle and the nerves in a particular area of the body can be determined by its electrical activity being displayed on an oscilloscope.
There is no dispute as to the law applicable to this case. As in any other civil case, a plaintiff in a workmen’s compensation suit has the burden of proving his claim by a reasonable preponderance of the evidence. See Hughes v. Chrysler Corp. (La.App. 4th Cir. 1968) 216 So.2d 636 and cases cited therein. However, it was the duty of the trial judge, as it is of this court, to study and evaluate carefully all of the evidence in order to determine whether plaintiff has met the burden placed upon him.
As pointed out by the trial judge, plaintiff was earning his living as a common laborer and a person engaged in such labor is usually unable to earn his living in any other manner. In order for a person to be able to cut logs with the use of a chain saw, he must be physically strong and mentally willing.
Counsel for defendants strenuously contend both in oral argument and in brief that the trial judge did not find the specific nature of plaintiff’s disability. This argument is advanced because in his written opinion he found plaintiff’s primary complaints involved cramping in his right leg rather than from any disability emanating from the region of his back.
While we realize this case presents a close factual question, we have experienced no difficulty in finding the record supports the trial judge’s finding of total and permanent disability because of the cramping in plaintiff’s right leg, whether it emanated directly from the lacerations inflicted by the chain saw or from the condition in his low back. The fact remains he is totally and permanently disabled and in our opinion this disability flows directly from the injury which he suffered on the job.
No authority has been cited, nor have we found any, authorizing the court to give an employer the option of requiring that an employee submit to physical therapy treatments and this portion of the judgment is therefore contrary to law and is reversed.
We find no merit in plaintiff’s contention that the judgment should be amended to grant plaintiff penalties and attorney’s fees. Defendants’ termination of the compensation payments was based upon competent medical advice and we find this action was neither arbitrary nor capricious.
For the reasons assigned the judgment appealed from is amended so as to delete that paragraph which gives defendants, at their option, the right to require plaintiff to receive physical therapy treatments. As thus amended, the judgment is affirmed at appellants’ cost.