| 2b1005|
| 46  570|

### OAKEY v. GARDINER.

The assignee of a bankrupt is not obliged to take property of the bankrupt which will be a
charge to the creditors—as an hereditas damnosa, or a litigious right, the sale of which will
involve the estate in fruitless litigation.

APPEAL from the Fourth District Court of New Orleans, Strawbridge, J.
Benjamin and Micou, for the appellant. H. D. Ogden and Mott, for the
defendant. The judgment of the court was pronounced by

OAKEY
v.
GARDINER.

EUSTIS, C. J.* On the 5th of September, 1842, in New Orleans, *Henry S. Buckner* applied for the benefit of the bankrupt act for his own debts; and, as a member of 'the firm of *Buckner, Stanton & Co.*, of New Orleans, *Stanton, Buckner & Co.*, of Natchez, *M. B. Hamer & Co.*, of Yazoo City, was declared a bankrupt, and an assignee was appointed to his estate. The members of the firms were *Frederic Stanton*, of Natchez, *Henry S. Buckner*, and *M. B. Hamer*, of Mississippi, who died previous to the bankruptcy. On the schedule filed by *Buckner* of the assets of the partnership of *Buckner, Stanton & Co.*, was a claim against *G. G. Skipwith*, of the parish of Carroll, set down as amounting to $3,259 55, balance on note in the hands of *Yerger*, which, with several other claims, was purchased by the defendant, at the public sale of the bankrupt's effects, in June, 1844. *Stanton* had, in November, 1842, individually, and as a member of the firms before mentioned, been declared a bankrupt by the bankrupt court of Mississippi, and an assignee was appointed to his estate. After the sale of the claim to defendant, *Stanton's* assignee formally relinquished in his favor all right and interest in the assetts of *Buckner, Stanton & Co.*, purchased by him. On the discovery being made that this claim had passed into a judgment against *Skipwith* in the United States Circuit Court of Tennessee, by order of the bankrupt court of New Orleans, the assignee of *Buckner* executed a formal transfer of the judgment to the defendant, on the 25th March, 1845; all of which was notified to the debtor, *Skipwith*.

Subsequently the aforesaid judgment was sold by *Stanton's* assignee in Mississippi to the plaintiff, at the sale of the bankrupt effects, under the description of "*Judgment of M. B. Hamer & Co. against G. G. Skipwith*," giving its date, amount, etc., and the court in which it was rendered. This judgment *is* the subject of controversy between the plaintiff and defendant in the present suit. The district judge decided in favor of the defendant, and the plaintiff has appealed.

We concur in the view of the district judge of the rights of the parties. The debt we think belonged of right to the house of *Buckner, Stanton & Co.*, of New Orleans, and was properly sold for the benefit of their creditors. The extent of the interest acquired by the purchaser it is unnecessary to examine. Any interest which *Stanton* had in it we think his assignee was competent to release, and in so doing he acted in discharge of his duty. The decree of the bankrupt court in New Orleans, ordering the formal transfer of the judgment to the defendant, was rendered contradictorily with the assignee, and evidence, it appears, was adduced in relation to the rights of the former, and the judgment, though in the name of *M. B. Hamer & Co.* was ordered to be transferred to the defendant under his purchase at the marshal's sale of the effects of the bankrupt. Thus, as far as the power of that court under the bankrupt proceedings extended, the right to this judgment was vested in the defendant. Bankrupt Act, § 6.

The assignee of *Stanton*, so far from having any interest in disturbing this purchase, acted, we think, discreetly, in releasing any interest he might have in it. The proceeds of the sale were to be applied under the bankrupt law to the extinguishment of the partnership debts, at the domicil of the partnership in New Orleans. Any interference with this disposition of the assetts of *Buckner, Stanton & Co.*, to defeat or embarrass this application, would have been

---

* SLIDELL, J. did not sit in this case, having been of counsel.

rather a burthen than a benefit to *Stanton's* estate, and we think the assignee had an undoubted right to release the interest. *Turner* v. *Richardson,* 7 East, 339. Assignees of a bankrupt are not obliged to take property of a bankrupt which will be a charge to the creditors—an *hereditas damnosa,* or a litigious right, the sale of which will involve the estate in fruitless litigation and embarrass the rights of *bonâ fide* creditors, and which their interests require should be extinguished.

The defendant having thus acquired the judgment, we think his rights could not be affected by the subsequent sale of it to the plaintiff.

*Judgment affirmed.*