FOURNET, Chief Justice.
This is a sequel to Young v. Coen, La. App., 53 So.2d 508, wherein the plaintiffs’ claim for recognition of their liens for labor and material furnished in improving the defendant’s property at 2122 Southern Avenue, Shreveport, Louisiana, under verbal contracts with defendant’s lessee, Mrs. Marie Holley, and for personal judgment against the owner in the aggregate amount of $1,237.29, with interest and attorney fees, was rejected by the Court of Appeal for the Second Circuit, and writs were denied by this court on October 4, 1951. It is now before us on an appeal taken by the same plaintiffs (L. P. Young, H. W. Walters, Cal E. Swamson and Caddo Lumber & Supply Co.) from a judgment dismissing, on exceptions of no cause and no right of action, their suit against the same defendant seeking to recover a money judgment for $3,332.86, in.which amount is included the value' of théir claims in the former suit, under an instrument Executed *915 by Mrs. Holley whereby she transferred to them “all her rights, title and interest in and to whatever right or interest she has against Eugene J. Coen, arising from improvements, alterations, reconditioning and/or repairs made to the premises at 2122 Southern Avenue, Shreveport, Caddo Parish, Louisiana, made by her while acting as his lessee of the described property, improvements and reconditioning made on or about July, 1950, demand against said Coen, having been made for return of the improvements and reconditioning or payment for the value thereof on October 23, 1951, by registered mail, and denied by the said Coen,” the consideration for such assignment being the labor and materials furnished Mrs. Holley by the plaintiffs in making some of these repairs, for which they have never been compensated.
To this petition the defendant filed • a plea of vagueness, levelled at the fact that the labor and materials furnished, totalling $3,332.86, is indefinite and not itemized, which plea was not passed on; a plea of res judicata, which was over- , ruled because the cause of action and-the object demanded is not the same; and exceptions of no cause and no right of ac- • tion, which the trial judge maintained, being of the opinion the only' right of the .lessee to which plaintiffs could succeed whs that of moving from the property those improvements that would leave the build- . ing in 'the condition in which it was received and to be paid a fair price for those additions made with lime and cement, under Article 2726 of the LSA-Civil Code, and inasmuch as Mrs. Holley breached the lease when she went into bankruptcy shortly after the effective date of the lease, such rights as she had under such article were abrogated; in any event, that the petition is fatally defective not only because of failure to allege the improvements were such as could be removed and their removal was sought but prevented by the defendant, if her suit was predicated on Article 2726, but also for failure to allege the improvements were such as the lessor was required to make under Article 2693 of the LSA-Civil Code and he refused to make them upon demand, if her suit was predicated on this article.
A reading of the petition and the annexed assignment clearly discloses the trial judge was in error in his conclusion that they fail to disclose the nature of the-improvements and that the defendant, after ’ demand, denied the plaintiffs’ right to their return and refused to pay their value. Paragraph 6 of the petition details the nature of the improvements, installed for the purpose of bringing the premises within fire and health regulations for convalescent .homes, the use to which Mrs. Holley intended to put them and which use was specifically permitted in the lease, and the assignment, which is made a part of the . petition, contains the statement that Mrs. Holley demanded the return “of the im *917 provements and reconditioning or payment for the value thereof on October 23, 1951, by registered mail,” and this was denied by Coen. Under such allegations it was unnecessary for the plaintiffs to point out in the petition which of the improvements could be removed so as to leave the premises in the state in which they were prior to the lease. See, Superior Syndicate v. Willis, 155 La. 444, 99 So. 397. In any event, this was a matter that could have been easily remedied by the court ordering the plaintiffs to supplement their petition by furnishing this information under the defendant’s plea of vagueness.
The conclusion that the rights to which Mrs. Holley, as lessee, was entitled under Article 2726 of the LSA-Civil Code were abrogated when she breached the lease is supported by neither the language of the' codal article nor the jurisprudence thereunder. This court has, on several occasions, recognized the rights of a lessee under this article even though the lease was breached. See Sigur v. Lloyd, 1 La. Ann. 421; Davidson v. Fletcher, 130 La. 668, 58 So. 504; and Dreyfuss v. Process Oil & Fuel Co., 142 La. 564, 77 So. 283.
The contention advanced by counsel for defendant in oral argument and brief here that in view of Mrs. Holley’s adjudication in bankruptcy her assignment was a nullity, being in fraud, of creditors other than the assignees, is without merit in view of the affirmative allegation that all interest in and to the lease was disclaimed by the trustee in bankruptcy. Following such disclaimer, the title and right to whatever interest Mrs. Holley had in this lease reverted to and revested in her, the same as though there had been no proceedings in bankruptcy. See, Oakey v. Gardiner, 2 La.Ann. 1005; Brown v. O’Keefe, 300 U.S. 598, 57 S.Ct. 543, 81 L.Ed. 827; In re Ferribee, 7 Cir., 93 F.2d 262; Rosenblum v. Dingfelder, 2 Cir., 111 F.2d 406; In re Malcom, D.C., 48 F.Supp. 675; Stockwell v. McAlvay, 10 Cal.2d 368, 74 P.2d 504, certiorari denied by the United States Supreme Court, 304 U.S. 547, 58 S.Ct. 1047, 82 L.Ed. 1520. Clearly the articles of the LSA-Civil Code relied on by defendant have no application under this factual situation. Of necessity, they must yield to the federal law on the subject matter.
For these reasons, the judgment of the lower court dismissing the plaintiffs’ suit is annulled and set aside, the exceptions of no cause and no right of action are overruled, and the case is remanded to the lower' court for further proceedings consistent with law and the views herein expressed.' Costs of this appeal are to be borne by the defendant; all other costs are to await the final decision.
LE BLANC, J., absent.