84 So.2d 464

**H. W. WALTERS, Cal E. Swanson and Caddo Lumber & Supply Company,**

**v.**

**Eugene J. COEN.**

**No. 42053.**

Nov. 7, 1955.

Rehearing Denied Dec. 12, 1955.

Eugene J. Coen, Shreveport, for defendant-appellant.

Frederick J. Stewart, Shreveport, for plaintiffs-appellees and appellants.

HAWTHORNE, Justice.

Plaintiffs, as assignees of Mrs. Marie Holley, brought this suit to recover from Eugene J. Coen $3250.11, which they allege is the value of certain repairs, alterations, and improvements made by Mrs. Holley, as lessee, to the premises at 2122 Southern Avenue in Shreveport, Louisiana, owned by the defendant Coen.

The district court awarded plaintiffs $2150.11, the value of all items claimed except an item of $1100 allegedly paid for carpentry work. From this judgment defendant appealed. Plaintiffs appealed from that part of the judgment rejecting their claim of $1100.

Plaintiffs' suit was originally dismissed by the district court on exceptions of no cause and no right of action. On appeal, however, that judgment was reversed and the case remanded for trial on the merits. Walters v. Coen, 223 La. 912, 67 So.2d 175. It is now before us on the merits.*

Coen, as the owner of the premises at 2122 Southern Avenue, in 1950 by written instrument leased to Mrs. Marie Holley this property to be used as a dwelling or as a convalescent home. Mrs. Holley began the operation of a convalescent home for the aged. To comply with fire and health regulations required of her by the authorities she contracted with plaintiffs for repairs, alterations, and improvements, and these were made.

---

* After the remand plaintiffs by supplemental petition reduced their claim to the amount above set forth.

Mrs. Holley was unable to pay for all these improvements and shortly afterwards went into bankruptcy. The trustee in bankruptcy disclaimed all interest in the lease and refused to take it for administration in the bankruptcy proceedings. This had the effect, as pointed out in our previous decision, of revesting in Mrs. Holley whatever interest and title she had in the lease, as though there had been no proceedings in bankruptcy. Walters v. Coen, supra. Some two or three days after the trustee's disclaimer, Coen took possession of the premises and leased them to another person for a term of three years to be used as a convalescent home for the aged, and the property was being used by this lessee for this purpose at the time of the trial of the case on its merits in the court below.

After Mrs. Holley's discharge in bankruptcy, she made written demand on Coen for the return of the improvements made to the property or payment for their value. This demand was ignored by Coen. A short time afterwards Mrs. Holley assigned to plaintiffs in this suit whatever right she might have against Coen based on the improvements, alterations, reconditioning, and repairs made to his premises by her as his lessee. The consideration for this assignment was the amount of her indebtedness to the plaintiffs for the materials and supplies furnished and the labor performed by them.

Nearly all of the appellant Coen's contentions on this appeal were fully answered

by this court in its opinion overruling the exceptions of no cause and no right of action and remanding the case. Coen now maintains that this court erred in overruling the exceptions of no cause and no right of action, and has devoted almost his entire argument and brief to this contention. It would serve no useful purpose to reiterate his contentions here, as the law of the case was announced in our previous opinion. See Walters v. Coen, supra.

In that opinion we held, among other things, that plaintiffs had stated a cause of action by alleging that the work was done to Coen's property by the lessee, Mrs. Holley, to comply with fire and health regulations for convalescent homes, a use which was specifically permitted in the lease; that demand was made upon Coen for the return of the improvements or their value, and that this demand was ignored by Coen. The court also pointed out in the prior opinion that the right of Mrs. Holley as lessee under Article 2726 of the Civil Code was not abrogated when she breached the lease, and that the assignment to plaintiffs of Mrs. Holley's rights as lessee was valid in view of the allegation in plaintiffs' petition that all interest in the lease was disclaimed by the trustee in bankruptcy. Id.

Coen has raised only two new contentions on this appeal. He argues that he should not be required to pay the value of the improvements because on October 23, 1951, after this court had held that plaintiffs' petition stated a cause of action and

remanded the case, he wrote to the plaintiffs requesting them to remove the improvements made by Mrs. Holley. To us this letter seems to be an afterthought. It was written almost two years after Mrs. Holley had requested the right to remove the improvements or payment for their value, long after the instant suit had been filed, and some time after Coen had taken possession of the premises and leased them to another for the conducting of a convalescent home. Moreover, even in this letter he requested these parties to remove only certain of the improvements, such as celotex and sheetrock, and did not include all of the improvements. Frankly, we think that this letter was not entirely in good faith and cannot be taken seriously.

Coen also complains that under the lease to Mrs. Holley written consent of the lessor had to be first obtained before she could alter, repair, or remodel the leased premises, that she caused these repairs to be made without first obtaining his written consent, and that consequently he is not liable for the value of these repairs. There is no merit in this contention. As pointed out above and mentioned in our previous opinion in this case, the property was leased as a dwelling or as a convalescent home, and in making these repairs Mrs. Holley was simply complying with regulations of the state fire marshal and the board of health which required that such work be done. Furthermore, the trial judge correctly found that Coen knew that the re-

pairs were being made, and that he thus waived this provision of the lease.

The trial judge found that all plaintiffs' claims except one had been fully established. However, he denied the claim of $1,100 for carpentry work on the ground that the amount of this claim had not been proven with legal certainty. We think that the plaintiffs proved this claim as well as all the others, and should have judgment for the total amount sought.

There is no question that the carpentry work was done to comply with fire and health regulations, and Mrs. Holley testified that on the recommendation of Coen she employed a carpenter named Henry George, who was working for Coen and whom Coen called for her. This carpenter with three other carpenters and a helper performed the work, much of which was done at overtime rates at night and on weekends because the requirements of the authorities had to be met promptly. Mrs. Holley further testified that she paid these carpenters $1,100 in cash, and that she knew this amount was correct because she borrowed the money. She said that she made records of these payments but was unable to locate them because she turned them over to an attorney, now deceased, who represented her in the bankruptcy proceedings. She stated also that she did not list the carpenter George as a creditor in the bankruptcy proceedings because she had paid him.

■ We are impressed with Mrs. Holley's testimony, particularly in view of the fact that according to the record she has no interest in this litigation, having assigned all of her claim against Coen to the plaintiffs, as stated above. If she was incorrect in her statement of the amount, Coen could have easily called George as a witness to contradict or disprove her statement. George lived in Shreveport, was Coen's carpenter, and had been doing work for him for some time. Moreover, as far as we can ascertain, George himself has never asserted any claim for the work he performed for Mrs. Holley.

It is therefore clear that plaintiffs are entitled to this item of $1,100, and the judgment will be amended accordingly.

The judgment is amended by increasing the award to plaintiffs to $3250.11, with legal interest from judicial demand until paid, and as thus amended the judgment is affirmed, defendant to pay all costs.