ELLIS, Judge.
This suit involves the claims of the Arkansas Fuel Oil Corporation as subrogee of certain furnishers of material under performance bonds furnished by the Preferred Accident Insurance Co. of New York as surety. The Trial Court rendered judgment in favor of the plaintiff in the sum of $9,258.59, together with legal interest from date of judicial demand arid all costs, ordering this amount be paid from the special trust fund held by the liquidator of the Insurance Company under an agreement.
From this judgment an appeal was taken here both suspensive and devolutive.
The appellee has filed a motion to dismiss the appeal upon the grounds that a suspen-sive appeal came too late, that this appeal court is without jurisdiction to entertain the appeal as the amount involved exceeds $2,000 and further, that the appeal has never been perfected as the appeal bond required by law has never been furnished.
The judgment is in the principal sum of $9,258.59, exclusive of interest and costs in favor of a single claimant, Arkansas Fuel Oil Corporation, appellee.
The alleged indebtedness by the appellant came about as a result of its having executed in favor of the Arkansas Fuel Oil Corporation, a contract bond in the sum of $6,780 to guarantee the true and faithful performance of a certain construction contract which provided for the construction of a service station in Delhi, La., and the execution for contract bond as surety in the sum of $13,900 to guarantee the true and faithful performance of the construction contract providing for the construction of a service station at Bastrop, La. Both service stations were to be constructed in accordance with the contract between the Arkansas Fuel Oil Corporation and Albright & Talley Construction Co. The Albright & Talley Construction Company defaulted and the Arkansas Fuel Oil Corporation paid creditors claims for which they secured subrogations in the amount of $9,258.59. The amount in dispute exceeds the limits of our jurisdiction. Louisiana Constitution, Article 7, Sections 10, 29, LSA; Louisiana State Rice Milling Company, Inc. v. Hornsby, 2 La.App. 584; Walters v. Coen, La.App., 59 So.2d 501 (latter case transferred to the Supreme Court, see 223 La. 912, 67 So.2d 175).
It is therefore ordered, adjudged and decreed that this appeal be and it is hereby transferred to the Honorable Supreme Court of the State of Louisiana. Appellants are allowed a period of 60 days from the date upon which this judgment shall become final in which to perfect the said appeal, otherwise the same shall stand dismissed. Costs of this court are taxed against appellants, all other costs to await final determination thereof.
Transferred to the Supreme Court.