REDMANN, Judge.
Plaintiff Hunter C. Leake II agreed to sell his duplex residence to defendant Dr. Franklin C. Hardie. That agreement’s occupancy provision referred to a contemporaneous lease by Hardie to Leake of the upper apartment (“including use of half of the double garage and joint use of the patio and yard spaces”) for five years for $150 a month. One condition of the lease was that Leake make specified repairs to the apartment. The sale took place and Leake accomplished the repairs in due course.
After one year the Leakes moved out of the apartment because the Hardies allegedly breached the lease by denying the Leakes use of the garage. The Leakes thereafter sued for a decree the lease was terminated and for the return of all money they spent on repairs and moving expenses, and for the increased cost of renting a similar apartment.
Defendants Dr. and Mrs. Hardie appeal from a judgment in favor of Mr. and Mrs. Leake for $1,367.21, which represented four-fifths of the cost of the specified repairs. Plaintiffs answer the appeal, seeking an increase in quantum.
The trial judge’s reasons for judgment provided for judgment in favor of Leake alone against Hardie alone.
The suit against Mrs. Hardie had been dismissed on exception of no cause of action. Casting her in the judgment appealed from was presumably an oversight and must be annulled.
Although other demands were included in the petition, the judgment awarded only lease damages, and the judgment in favor of Mrs. Leake was also presumably an oversight and must be reversed since she was not a party to the lease.
In the absence of contrary lease provisions, a lessee may remove his improvements unless “made with lime and cement”, in which case the lessor “may retain them, on paying a fair price”; C.C. art. 2726. The lessee’s rights under art. 2726 are not affected by the lessee’s breach of the lease; Walters v. Coen, 223 La. 912, 67 So.2d 175 (1953), after remand, 228 La. 931, 84 So.2d 464 (1955).
Even where the lease provides (as here) that improvements are to be the property of the lessor, the lessee makes the improvements for his own use and enjoyment during the term of the lease, and at least where.the lessor’s action deprives the lessee of that use and enjoyment, the lessee is entitled to recover a proportionate cost of the value of improvements contemplated by the lease; Knapp v. Guerin, 144 La. 754, 81 So. 302 (1919). This principle applies with more obvious force where the improvements are not only contemplated but expressly required by the lease, as here.
The preponderance of the evidence supports the trial court’s conclusion that defendant breached the lease by not maintaining plaintiff in peaceable possession, C.C. art. 2692, of the half of the garage which the lease entitled plaintiff to use. It is testified on behalf of both parties, and shown by considerable correspondence in the record, that discord over the garage was almost continual. Plaintiffs assert, and defendants deny, that defendants told plaintiffs they could not use the garage. While there are other photographs and other evidence, we note especially one photograph in the record which shows house shutters, admittedly defendants’, occupying part of the half of the garage plaintiffs were to have used, and these shutters prevented plaintiffs from using the garage for their car. A letter from defendants’ then counsel indicated defendants would not move the shutters because a prospective purchaser of the house might want them.
*732 In our opinion, there was no manifest error in the trial court’s conclusion that the lease was breached by defendant by failing to maintain plaintiff in possession.
Plaintiff was therefore “relieved of his obligation to pay rent beyond actual occupancy of the premises, and the lease is considered terminated”, Young v. Eddy, 86 So.2d 243 (La.App.1956).
In considering the claim on account of improvements, we readvert to the circumstance that sale and lease were part of one transaction. But there is no evidence to suggest any other treatment of the lease than that due an independent lease; that is, there is no suggestion that the price of the sale was related to the terms of the lease, or other reason why we should not consider the lease simply as a promise of occupancy in exchange for a promise of rent and specified improvements.
On termination caused by the lessor, the lessee is entitled to “such damages as entered reasonably into the contemplation of the parties at the time of making the lease,” including that proportion of contemplated improvements which time remaining of the lease bears to its whole term; Knapp v. Guerin, supra, at 81 So. 306. See also Dehan v. Youree, 161 La. 806, 109 So. 498 (1926).
The damages,, do not include the cost of moving, as requested by plaintiffs; Knapp, supra. Knapp’s theory is that moving expense is not incurred, but only accelerated, by the breach. Knapp allowed no damages for the acceleration (i. e., cost of moving today less discounted value today of cost at end of lease).
The apartment to which plaintiff moved rents for $200 a month, and plaintiff also claims as damages the $50 monthly increase in his rental cost. Were the identical worth of the two apartments established by expert testimony (or by clear evidence of their physical sameness and adjacency), we might have eliminated discussion of the improvement costs. An award to plaintiff of the $50 a month would have put him in the position of paying $150 for an exactly comparable apartment —a position equal to what defendant owed him. Plaintiff would not then have been entitled to recover for the improvements in addition. But there is no real evidence of equivalency of the two apartments, and the rejection of this approach to damages was correct.
Also correct was the rejection of plaintiff’s related theory that he should recover, if not the $50 monthly, at least the additional $15 monthly defendant has been receiving since renting the apartment for $165 two weeks after plaintiff moved. There may be some circumstances in which a lessee might claim the increased rent the lessor receives (but not improvement costs in addition), similar to the case where one with a contract to purchase might recover the increment in the price for which the seller sold, instead, to a third party. But in substance defendant is now receiving not more but less for the apartment: plaintiff paid $150 a month and $1,700 worth of stipulated repairs for a 60-month lease. Even without amortizing the $1,700 over the 60 months it amounts to much over $15 a month. (Amortized at 6% it is $32.94 a month.) In recovering the proportionate cost of the improvements plaintiff receives a value greater than $15 a month.
Plaintiff also argues he should recover four fifths not only of the improvements required by the lease, but also of $310 of other repairs he made, the bulk of which was painting of the unrenovated area including the stairwell. The lease provided lessee was to make the • specific renovations, lessor to make all other repairs “except maintenance by the lessee of the said upper duplex in its present condition.” Plaintiff testified the additional painting was “not included in what is stipulated in the lease, the reason it was done, when the renovation was done, it looked *733 so good the stairway looked so shabby we went ahead and had it painted so as to add to the overall appearance of the apartment.” We conclude this immediately done additional painting was not contemplated at the time of the lease, and was more a matter of personal gratification of esthetic taste for plaintiff than an item of necessary maintenance which might have been prorated over the term of the lease.
The only other repair item which may not be in the same category was electrical work, the nature of which is not shown. We have some doubt about whether a minor item of hanging French doors should be included in the contemplated work, but the basic $1,709 apparently did include replacing two window panes not specified in the lease, and we think substantial justice is very closely approximated by treating the $1,709 figure as the cost of all contemplated improvements for which plaintiff should be proportionately reimbursed.
Finally plaintiff asks interest from the date reimbursement was due him, namely that of the termination of the lease, citing jurisprudence under C.C. art. 1938. Plaintiff only petitioned for interest from judicial demand, and we cannot grant him interest beyond that demanded; see C.C.P. art. 1921; also Baker Finance Co. v. Hines, 255 La. 971, 233 So.2d 902, 904, n. 5 (1970). The judgment will therefore be amended to allow interest, but only from date of judicial demand as prayed.
Accordingly the judgment appealed from is amended to delete the unintended and erroneous inclusion of Mrs. Hardie and Mrs. Leake and to provide interest from judicial demand, and as amended is affirmed and recast as follows:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff Hunter C. Leake II and against defendant Dr. Franklin C. Hardie, in the amount of $1,367.20 with interest from judicial demand, and for all costs.
Affirmed as amended and recast.