LOTTINGER, Judge.
This action resulted from an automobile-truck collision. Plaintiff-appellee instituted this action in the City Court of Baton Rouge for property damage to his automobile sustained in an accident in the City of New Orleans, Louisiana. Defendant-appellant, The Travelers Insurance Company, filed a declinatory exception to the jurisdiction of the City Court of Baton Rouge, Louisiana. In the alternative, the defendant-appellant prayed that the case be transferred under Louisiana Code of Civil Procedure Article 123 to the City Court of New Orleans, Louisiana. This exception came to be heard on the same day as the trial on the merits. After overruling defendant-appellant’s exception and the trial on the merits, the Lower Court rendered judgment in favor of plaintiff-appellee for $156.11. From this judgment the defendant-appellant has perfected a suspensive appeal.
This suit arises out of an accident which occurred in New Orleans, Louisiana on December 18, 1969, at approximately 7:40 A.M. The accident was between an automobile driven by plaintiff-appellee, Robert H. Feehan, and a Louisiana Industries cement-mixing truck driven by Eddie Hunter, which was insured by The Travelers Insurance Company. Both vehicles were traveling toward the Mississippi River on *535 Poydras Street at its intersection with South Claiborne. Mr. Feehan’s version of the accident is that his car was stopped in the center lane of three lanes, behind other cars waiting for the traffic light, when the cement-mixing truck driven by Mr. Hunter pulled up in the lane next to and left of him. Mr. Feehan testified that he heard a crunching sound which he later learned was made by the left rear panel of his automobile when scraped by what he believed to be the front tire of the cement-mixing truck. Although Mr. Hunter was not called as a witness by either party to this suit, by stipulation his written statement was entered into evidence in lieu of his testimony in behalf of defendant. His version of the accident is that when both vehicles started moving after having stopped for the red light in question, plaintiff’s vehicle veered over into his lane of traffic and struck the right front tire of the truck being driven by him.
The testimony of Mr. Feehan and the written statement of Mr. Hunter are in agreement that plaintiff followed Mr. Hunter a block after the accident blowing his horn in order to stop Mr. Hunter. Therefore, the policeman investigating the accident could not view the position of the vehicles as they were immediately after the impact.
The parties stipulated that the proper measure of damages to plaintiff-appellee’s automobile would be $156.11 should the Lower Court find in plaintiff-appellee’s favor.
Appellant’s brief sets out four errors which it believes the Lower Court made in reaching its decision, and we will consider them in the order as set forth in the brief.
Appellant first says that the Lower Court was in error, “In overruling the defendant’s declinatory exception to venue.” We quote the pertinent portion of defendant-appellant’s exception, “ * * * excepts to plaintiff’s petition in that this Honorable Court lacks jurisdiction to hear the complaint alleged in said petition.” This was the only objection appellant pleaded in its declinatory exception. Both at the trial of this exception and before us, appellant argued that the City Court of Baton Rouge was an improper venue on the basis that The Travelers Insurance Company is not domiciled within the City of Baton Rouge. Appellant argues at length that in a suit brought under the direct action statute, venue is in the parish where the insurer is domiciled rather than the city. Without answering this question we direct appellant to the last paragraph of Code of Civil Procedure Article 925, as follows: “When a defendant makes an appearance, all objections which may be raised through the declinatory exception, except the court’s lack of jurisdiction over the subject matter of the action, are waived unless pleaded therein.” When the objection of venue which he raised in the Lower Court and before us was not raised by pleading along with appellant’s objection to jurisdiction, the objection of venue was waived.
Secondly, appellant urges that the Lower Court was in error in failing to transfer the case under the Forum Non Conveniens Statute to the City Court of New Orleans. The accident occurred within the city limits of New Orleans; both drivers were residents of the City of New Orleans; and the accident was investigated by New Orleans city policemen. Appellant’s brief says, “There is no doubt but that this case is one which the redactors of Article 123 of the Louisiana Code of Civil Procedure had in mind when they enacted the new Forum Non Conveniens Statute. Although the article specifically states that civil cases may be transferred to another district court, it should be reasoned by analogy that it also applies to city courts.” We direct appellant to the comment under Article 123, which says, “The new article is limited in its operation to district court proceedings.”
*536 Finally, appellant urges that the Lower Court was in error in failing to find that the planitiff was negligent and/or contributorily negligent. Appellant argues that under Dickinson v. City of Minden, 130 So.2d 160 (La.App.1960), plaintiff’s failure to call the investigating police officer raises an adverse presumption that the officer’s testimony would have been unfavorable to the plaintiff. The Dickinson case held that failure of a party to call a witness possessed of definite knowledge of material facts entitles the opposing party to the presumption that the witness’ testimony would be unfavorable. We feel that the investigating police officer to this accident does not qualify as a witness possessed of definite knowledge of material facts since the vehicles had been moved and his investigation consisted only of hearsay information as stated by the plaintiff and by Mr. Hunter. The trial court had an opportunity to see and hear the witnesses in this matter and to determine their credibility. Manifest error does not exist here and in its absence, the interpretation of the evidence by the Lower Court will not be disturbed.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant-appellant.
Judgment affirmed.