CHASEZ, Judge.
Plaintiff, Donovan Dennis Avant, instituted this suit against defendant, A-l Mov *356 ing & Storage Company, Inc., to recover $230.47 as alleged damages negligently caused by defendant to plaintiff’s Magna-vox Color Television when defendant moved the plaintiff’s belongings.
After trial on the merits judgment was rendered in favor of the defendant, dismissing plaintiff’s suit. In his written reasons for judgment the trial judge concluded plaintiff had failed to prove he sustained any actual damage. From this adverse judgment plaintiff has appealed.
Plaintiff’s possessions were transported by defendant moving company on June 29, 1970 from 3700 Berwyn Street in Jefferson Parish to 532 Arnoult in the same parish. After the move had been accomplished the plaintiff and his wife discovered that their color console television set, which was about one year old, was damaged in that the set did not work and the back of it had been broken and almost pulled off. Plaintiff’s wife informed the workmen of the damage and before signing the cartage ticket notation was made on the ticket that the set was damaged. From the record it appears that no contract was signed before the move.
By letter, plaintiff made written demand of the cost of repairs to the set on July 21, 1970. However, nothing was done by the defendant to adjust this claim.
The set was repaired at a cost of $230.47. To procure the necessary funds for repair costs plaintiff obtained a loan from Planned Financing. Subsequently, plaintiff declared bankruptcy in bankruptcy proceeding No. 71-419, United States District Court for the Eastern District of Louisiana. The trustee in bankruptcy has disclaimed and abandoned the plaintiff’s television and the right to intervene in the present suit.
Defendant’s primary contention is that plaintiff never had a real interest in this matter. Defendant bases this contention by assertion and reasoning that plaintiff has suffered no monetary loss and that therefore plaintiff has no standing in court to request damages. In reliance thereof defendant cites LSA-C.C.P., Article 681 as controlling.
LSA-C.C.P. Article 681 denies the right of a plaintiff to bring an action unless he has a real or actual interest in the action. Where a plaintiff lacks any interest in an asserted claim his suit must be dismissed. We do not believe, however, that the plaintiff in the present case has lost his interest in his asserted claim.
When the plaintiff borrowed money from the finance company the money so loaned became his. It was his money. Therefore, when the plaintiff paid the television service repairman he did so with his money. The fact that plaintiff was liable for the repayment of the loan and that the liability was subsequently discharged by bankruptcy does not alter the fact that the repairs for the damaged television were paid for by plaintiff’s own funds.
Further, where assets are disclaimed and abandoned by the trustee in bankruptcy, title and right thereto are revested in the bankrupt the same as though there had been no proceedings in bankruptcy. See Walters v. Coen, 223 La. 912, 67 So.2d 175 (1953) and cases cited therein. Had there been no bankruptcy proceedings plaintiffs interest and right could not be contested.
Accordingly, we find that plaintiff has a real and actual interest and dismissal of this suit was error as LSA-C.C.P. Art. 681 is inapplicable under the facts of this case.
Defendant alternatively contends its liability is limited to $50.00 as indicated by printed portions found on the reverse side or back of the cartage ticket. We find this position untenable.
Carriers cannot limit their liability for the loss of damage of things intrusted to their care when such loss or damage is a result of their own negligence. LSA-C.C. Art. 2754; Eatman v. T. & P. R. R. *357 Co., 6 La.App. 638 (1927); See also Kendall v. Teche Lines, Inc., 197 So. 810 (La.App., 1st Cir., 1940).
The evidence and testimony contained in the record indicates the negligence of defendant as the sole and proximate cause of the damage to the color television set. Both plaintiff and his wife testified that the set worked properly before the move but not after. Additionally, damage to the set was noted immediately after the move and so inscribed on the cartage ticket. Defendant has not proved that the damage was occasioned by accidental or uncontrollable events.
Further, plaintiff did not sign any agreement (none appears in the record) before the move was made. The only time anything was signed was after the move had already been accomplished. To exempt liability after events have transpired which give rise or produce liability is tantamount to a waiver or release and such will not be accepted as binding unless the parties thereto have a clear understanding of such release or waiver. In the present case no consideration has been given for the waiver and as such the same must fall.
Plaintiff asserts that demand has been made on defendant and the provisions of LSA-R.S. 45:1097 and LSA-R.S. 45:1098 have been complied with and therefore he is entitled to the $50.00 penalty fee allowed by these statutes when no adjustment is made or sought by the carrier. LSA-R.S. 45:1097 allows the carrier doing business in Louisiana thirty days after the filing of a claim with the carrier’s agent, to adjust and pay a claim for loss or damage to property or freight occasioned by the carrier. Plaintiff’s claim for damage was on July 21, 1970, however, suit was filed on August 11, 1970.
The statutes involved are penal statutes and as such are strictly construed; accordingly all provisions of the statutes must be complied with in order to activate penal sanctions. Therefore, we find plaintiff is not entitled to the $50.00 penalty because of plaintiff’s failure to allow defendant carrier the thirty day adjustment period prescribed in the statute.
For the foregoing reasons judgment of the lower court is reversed and judgment is herein rendered in favor of plaintiff, Donovan Dennis Avant, and against the defendant, A-l Moving & Storage Company, Inc., for the sum of $230.47, plus legal interest thereon from the date of judicial demand until paid. All costs shall be paid by defendant.
Reversed and rendered.