366 So.2d 1071 (1979)
John H. MORGAN, Individually and as Administrator of the Estate of his minor child, Dan Morgan
v.
MATLACK, INC., State Farm Mutual Insurance Company, Inc., Cumis Insurance Society, Inc., the Louisiana Department of Highways and Parish of East Baton Rouge.
No. 12243.
Court of Appeal of Louisiana, First Circuit.
January 10, 1979.
Rehearing Denied February 12, 1979.
*1072 Chapman L. Sanford, Baton Rouge, of counsel for plaintiff-appellant, John H. Morgan, Indiv., Etc.
Frank M. Coates, Jr., Baton Rouge, of counsel for defendant-appellee, Cumis Ins. Society.
Vincent J. de Salvo, James A. George, Baton Rouge, of counsel for defendants-appellees, Matlack, Inc. & Rollins Intern.
Anthony J. Clesi, Jr., Baton Rouge, of counsel for defendant-appellee State Farm Mut. Auto. Ins. Co.
Joseph F. Keogh, Parish Atty., A. Foster Sanders, III, Asst. Parish Atty., Baton Rouge, of counsel for defendant-appellee, Parish of East Baton Rouge.
Lawrence A. Durant, Charles William Roberts, Baton Rouge, of counsel for defendant-appellee, Dept. of Hwy., State of Louisiana.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
EDWARDS, Judge.
Plaintiff, John H. Morgan (individually and as administrator of the estate of his minor son, Dan Morgan), filed this suit against inter alia[1] Matlack, Inc. and the Louisiana Department of Highways to recover damages for injuries sustained by Dan Morgan in an automobile accident. A jury trial was had as to the claim against Matlack and resulted in a verdict in favor of Matlack, finding no fault on its part. The claim against the Department of Highways was tried by the court, which rendered judgment in favor of the Department dismissing plaintiff's suit. Plaintiff appealed.
The accident occurred on November 3, 1973, a foggy night, at approximately 12:01 a. m. on Louisiana Highway 30 (Nicholson Drive) just south of the intersection of Bob Pettit Boulevard in Baton Rouge. La. 30 had previously been resurfaced and no center stripe had been installed at the time of the accident.
Dan Morgan, a student at Lee High School, had attended earlier that night a high school football game and a levee bonfire, at which alcoholic beverages were being consumed. At the bonfire, Morgan encountered Robert G. Gutierrez, a friend from school, who admittedly had been drinking. The two, Morgan and Gutierrez, left the bonfire in a borrowed Volkswagon with Gutierrez driving to get some beer from a store on Bob Pettit Blvd. They turned westbound onto La. 30 and proceeded toward Baton Rouge. When they were *1073 approximately .3 of a mile south of the intersection, the Volkswagon collided with the rear wheels of an eastbound tractor-trailer vehicle, owned by Matlack and driven by Matlack's employee, Douglas M. McEvers.
McEvers, the only eyewitness who could recall details of the collision, testified that the Volkswagon veered into his lane and, despite his efforts to pull onto the shoulder, collided with his rear wheels. Lt. Aubrey Hamilton of the State Police, who investigated the accident, testified that the point of collision was in McEver's (the eastbound) lane.
The jury's verdict, on the claim against Matlack, answered the interrogatory "Do you find that the driver of the Matlack truck was at fault?" in the negative.
The trial judge in Written Reasons for Judgment found that the Department was not liable for the accident inasmuch as it had no duty to re-stripe La. 30 with a center line and in any event that the absence of a center line was not a cause in fact of the accident.

MATLACK
Plaintiff assigns three errors allegedly committed in the trial court in connection with his claim against Matlack: 1) the trial judge erred in failing to instruct the jury that Matlack's failure to call a witness listed on the pretrial order raises a presumption that his testimony would be adverse to Matlack; 2) the jury failed to interpret properly the evidence at trial; and 3) the jury erred in finding Matlack free of negligence.
The first issue concerns plaintiff's contention that the trial judge erred in refusing to give a requested jury instruction. In this regard, LSA-C.C.P. art. 1793 provides in pertinent part:
"A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."
Counsel's objection in this case was not made in the record until after the court had instructed the jury and after the jury had retired to consider its verdict. Were it not for certain language in the record indicating that there may have been a stipulation that objections to the charge would be dictated into the record after the jury retired, we would conclude that the objection was not timely and that the right to complain on appeal was waived. Compare Watts v. Aetna Casualty & Surety Company, 309 So.2d 402 (La.App. 2nd Cir. 1975). However in view of this stipulation and the failure of counsel for Matlack to complain of the tardiness of the objection, we will not rest our decision on the failure to object timely to the charge, rather we will reach the merits of the objection.
Plaintiff argues 1) that Matlack's failure to call an investigating officer, listed by Matlack on the pre-trial order, raises an adverse presumption that the officer's testimony would have been unfavorable to Matlack and 2) that the jury should have been instructed regarding this presumption.
It is well established that such a presumption is available in this state. See e. g. Walters v. Coen, 228 La. 931, 84 So.2d 464 (1955); Tillman v. Canal Insurance Co., 305 So.2d 602 (La.App. 1st Cir. 1974); Wolfe v. Employers Commercial Union Insurance Co., 272 So.2d 714 (La.App. 3rd Cir. 1973); The Work of the Louisiana Appellate Courts for the 1967-1968 TermEvidence, 29 La.L.Rev. 310, 317 (1969). This principle states that the unexplained failure of a party to call a witness who possesses peculiar knowledge of material facts pertinent to the resolution of the litigation entitles the opposing party to the presumption that the witness' testimony would be unfavorable.
The witness in the instant case, a private investigator, was not an eyewitness to the accident. By plaintiff's own admission, this witness was not on the scene until the Monday following the accident at a *1074 time when the vehicles had long since been moved. The investigation consisted only of an inspection of the accident scene, which was equally accessible to all parties.
Under these circumstances, we do not feel that this witness qualifies as one possessing peculiar knowledge of material facts such that the failure to call the witness raises the adverse presumption. Feehan v. Travelers Insurance Company, 251 So.2d 534 (La.App. 1st Cir. 1971). The trial judge correctly declined to give the requested instruction.
The remaining issues concern the jury's verdict and finding that Matlack was not at fault in causing the accident.
It is well recognized that jury verdicts are accorded great weight on appeal and should not be disturbed unless there is no reasonable evidentiary basis for the jury's conclusions. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
We cannot find manifest error in the jury's conclusion that Matlack was not at fault, i. e. not negligent. There is ample evidence in the record which, upon a reasonable evaluation by the trier of fact, would support this conclusion.

DEPARTMENT OF HIGHWAYS
Plaintiff contends that the trial court's judgment in favor of the Department is erroneous and argues: 1) the trial court erred in finding that the Department did not have a duty to re-stripe the center line of La. 30 or, in the alternative, to place warning signs on the highway; and 2) the trial court erred in finding that the lack of a center line was not a cause in fact of the accident.
Addressing the latter contention first, there is a total absence of evidence to establish that the lack of a center line was a cause in fact of the accident, i. e. a substantial factor in bringing about the harm. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962). The testimony of Gutierrez, who was driving the Volkswagon, is to the effect that the absence of the center line did not hinder his driving or cause the accident. We conclude that the trial court's determination that the absence of highway markings was not a cause in fact of the accident is correct. We can find no manifest error.
In view of the above conclusion on causation, we find it unnecessary to and do not address the issue of the Department's duty to center stripe all highways and/or to post warning signs.
For the above reasons, the judgment appealed is affirmed at plaintiff's cost.
AFFIRMED.
NOTES
[1] Other defendants were also sued, however they were each dismissed from this suit as a result of a compromise with plaintiff prior to trial.