FORET, Judge.
Herbert Coleman (appellant), as executor of the estate of Ed Coleman, brought this action to recover $10,105.20 under a credit life insurance policy issued to decedent by Occidental Life Insurance Company of North Carolina (Occidental). In addition to Occidental, General Motors Acceptance Corporation (GMAC) and Walker Oldsmobile Company, Inc. (Walker) were named as defendants.
The trial court rendered judgment in favor of defendants and against plaintiff, who appeals from that judgment. Appellant raises the following issues:
(1) Whether the trial court properly admitted decedent’s credit application in evidence, and
(2) Whether the trial court committed manifest error in finding that decedent made certain false statements of material fact with an actual intent to deceive.
FACTS
On June 19, 1979, decedent purchased an automobile from Walker in Alexandria, Louisiana, and financed it through GMAC. The loan was secured by a chattel mortgage on the automobile. As part of the loan negotiations, credit life insurance was arranged by Walker through Occidental. A premium of $538.86 for the credit life insurance was included in the purchase price. Decedent died on October 3, 1979.
Subsequently, plaintiff submitted proof of decedent’s death to GMAC, the holder of the promissory note, and claimed the amount of the debt remaining under the credit life insurance policy. Occidental denied coverage alleging that decedent had represented his age to be 65 at the time of purchase, when, in fact, he was 75. The terms of the group policy issued to Walker by Occidental expressly excludes coverage of anyone over 65.
Plaintiff instituted this action alleging that Occidental had no just cause for refusing to pay his claim. In the alternative, plaintiff alleged that Walker and GMAC were liable to him for the full amount specified in the insurance contract because Walker, acting as agent for Occidental, made false and/or misleading statements and/or improperly received funds from decedent in executing the insurance contract. Plaintiff brings this devolutive appeal from the judgment of the trial court dismissing his action against Occidental and Walker.[1]
ADMISSIBILITY OF CUSTOMER’S STATEMENT
Appellant contends that the trial court erroneously allowed decedent’s credit application admitted in evidence because it was not attached to the policy of insurance as required by LSA-R.S. 22:618(A) which provides:
“No application for the issuance of any insurance policy or contract shall be admissible in evidence in any action relative to such policy or contract, unless a correct copy of the application was attached to or *8 otherwise made a part of the policy, or contract, when issued and delivered. This provision shall not apply to policies or contracts of industrial insurance subject to R.S. 22:213A(1) and 22:259(2).”
To preserve a party’s right to urge error on appeal, it is necessary to make formal objection to admissibility or competency of evidence sought to be introduced. LSA-C.C.P. Article 1635 (formerly LSA-R.S. 13:4448); Bertoli v. Flabiano, 116 So.2d 76 (La.App. 1 Cir. 1959). The record shows that appellant made no objection to the introduction in evidence of the credit application and, in fact, was the one who introduced that document. Thus, we find no merit to appellant’s contention.[2]
DECEDENT’S MISREPRESENTATION
Occidental contends that it would not have issued a policy to decedent had it been aware of his true age at the time he applied for credit life insurance. The evidence shows that decedent was 75 years old at that time, which is some ten years above the age limit set by Occidental in the master policy issued to Walker. Occidental bases its avoidance of the policy terms on LSA-R.S. 22:619, which provides:
“§ 619. Warranties and misrepresentations in negotiation; applications
A. Except as provided in Sub-section B of this Section and R.S. 22:692, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
B. In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer.”
In Fruge v. Woodmen of the World Life Insurance Society, 170 So.2d 539 (La.App. 3 Cir. 1965), this Court set out the burden of proof required of the insurer by LSA-R.S. 22:619, supra:
“We think it is settled, therefore, that in view of the provisions of LSA-R.S. 22:619 an insurer cannot succeed in avoiding liability on a life insurance policy on the ground that false statements were made in the application, unless the insurer establishes: (1) That the false statements were made with actual intent to deceive; and (2) that the facts allegedly misstated were material. The law also is clear that where the insurer asserts a special defense of this sort the burden of proof rests on the insurer to establish both the materiality and an actual intent to deceive.”
The principal witness was Douglas Tid-well, the business manager for Walker. After decedent negotiated the price of the automobile with a Walker salesman, he was referred to Tidwell to arrange financing. Tidwell completed the credit application and sale and chattel mortgage forms involved in the transaction, with decedent providing him with the necessary information. He testified that decedent stated his date of birth to be December 30, 1913, which placed his age at 65 years. Tidwell testified that decedent’s application for the credit life insurance would have been rejected if he had known that decedent was over 65. The uncontradicted testimony establishes that a misrepresentation of age in the present case is material since it would have a direct bearing on Occidental’s decision to accept the risk.
Thus, the crucial issue is whether decedent made the false statement of material fact with an actual intent to deceive. *9 The trial court’s written reasons for judgment provide a good summary of the law applicable to a decision on this issue, and we adopt them as our own:
“The question of what constitutes intent to deceive was examined by the Supreme Court in Cousin v. Page, 372 So.2d 1231 (1979), at 1233:
“The courts of appeal in interpreting a similar provision in R.S. 22:619B have reasoned that strict proof of fraud is not required to show the applicant’s intent to deceive, because of the inherent difficulties in proving intent. Intent to deceive must be determined from surrounding circumstances «indicating the insured’s knowledge of the falsity of the representations made in the application and his recognition of the materiality of his misrepresentations, or from circumstances which create a reasonable assumption that the insured recognized the materiality.” (citations omitted).
The clear import of that case, from the facts found and the discussion of the findings by the Court of Appeal, at page 1235, is that not only must the insured be aware of the falsity, but that he must also be aware of the materiality of his misrepresentation. In other words, to prove intent to deceive, it is incumbent on the insurer to show that the decedent must have known he was misstating his age and that it would make a difference in whether or not he would be accepted as an insured.
In the present case, this Court finds that intent to deceive was present. Mr. Coleman must have known that the date of birth he gave was incorrect. As Mr. Tid-well testified, all information used to complete the credit application was supplied by Mr. Coleman. While it may be possible for a person of considerable years to not accurately remember his date of birth, the Court is impressed with the fact that Mr. Coleman correctly stated to Mr. Tidwell, his drivers’ license number. To.have recalled so little used number and to have forgotten his date of birth, appears unlikely. It is more likely that Mr. Coleman was looking at his drivers’ license at the time he gave Mr. Tidwell the number. Several lines below that number is the date of birth. To have read or recalled one number exactly and then misread or misrecollected another which is equally obvious on the face of the license and more likely to be remembered is untenable. Accordingly, Mr. Coleman, must have known the date of birth he gave was incorrect.
The second prong of the test to prove fraudulent intent announced in Cousin v. Page, supra, is that there be a showing in effect, that Mr. Coleman knew that misstating his age would make a difference in the insurer’s decision to accept the risk. In Johnson v. Occidental Life Insurance Company of California, 368 So.2d 1032 (Sup. 1979), the Supreme Court found it proper and reasonable to assume that the insured recognized the materiality of a misrepresentation upon consideration of the number and nature of the misrepresentations and a finding that the insured knew of the falsity of his representations in that case.
It has been determined that Mr. Coleman knew or should have known that he misstated his age. The misrepresentation made was only one in number, but was of such a nature as to indicate that Mr. Coleman was fully aware of the significance of his age. He misstated his birth date by a full ten years with the result that his represented age was such as to just barely fit him within the policy limitations.
The sale and chattle [sic] mortgage form signed by Mr. Coleman contained a section for an application for credit life insurance through Prudential Insurance Company with express mention of the 65 years age limitation. It is true that Mr. Coleman did not sign that portion of the form, but its presence on the front of the form together with the other considerations addressed above indicate that it is more likely than not that Mr. Coleman did possess the requisite intent to deceive.”
*10 Plaintiff presented no evidence to show that Tidwell had made any false and/or misleading statements to decedent. The evidence indicates that decedent’s daughter was present when he gave the information to Tidwell, as his credit application was being prepared. Occidental argues that appellant’s failure to call her as a witness gives rise to a presumption that her testimony would have been unfavorable to appellant.
It is well established that such a presumption is available in this State. Morgan v. Matlack, Inc. 366 So.2d 1071 (La.App. 1 Cir. 1979); Walters v. Coen, 228 La. 931, 84 So.2d 464 (1955); Wolfe v. Employers Commercial Union Insurance Company, 272 So.2d 714 (La.App. 3 Cir. 1973). The unexplained failure of a party to call a witness who possesses peculiar knowledge of material facts pertinent to the resolution of the litigation entitles the opposing party to the presumption that the witness’s testimony would be unfavorable.
Our review of the record establishes that the trial court’s finding that decedent misrepresented a material fact with an actual intent to deceive is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Canter v. Koehring Company, 283 So.2d 716 (La. 1973).
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
GUIDRY, J., dissents and assigns written reasons.

. The trial court’s judgment makes no mention of defendant, GMAC.

. See Estate of Borer v. Louisiana Health Service, 398 So.2d 1124 (La. 1981) which held that failure to attach application for insurance to policy when issued and delivered did not affect insurer’s right to defend on basis that, by terms of policy, coverage was excluded.