475 So.2d 379 (1985)
Paul W. AARON
v.
BANKERS AND SHIPPERS INSURANCE COMPANY OF NEW YORK.
No. CA 84 0605.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
Rehearing Denied September 11, 1985.
*381 John R. Rarick, St. Francisville, for plaintiff-appellee.
Myron A. Walker, Jr., Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
This is a suspensive appeal from a judgment awarding the plaintiff, Paul W. Aaron, $3,293.85, for damages sustained by his mobile home while it was in the care, custody and control of defendant's insured, Transit Homes, Inc. The defendant, Bankers and Shippers Insurance Company of New York, was sued under Louisiana's direct action statute, LSA-R.S. 22:655.
The defendant insured Transit Homes, an interstate carrier, under a cargo liability insurance policy, effective from April 1, 1982, to April 1, 1983. The policy provides for a $7,500.00 deductible per occurrence. However, the policy also included an endorsement which states,
Within the limits of liability hereinafter provided it is further understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, or any other endorsement thereon or violation thereof, or of this endorsement by the insured, shall affect in any way the right of any shipper or consignee, or relieve the Company from liability for the payment of any claim arising out of such transportation service for which the insured may be held legally liable to compensate shippers or consignees, irrespective of the financial responsibility or lack thereof or insolvency or bankruptcy of the insured. (Emphasis ours)
The defendant's liability under this endorsement is limited to a maximum of $5,000.00 for damage to property carried on one vehicle, and the defendant retains the right to seek reimbursement from its insured.
Under a contract with plaintiff's employer, Transit Homes moved plaintiffs mobile home from New York to Louisiana in June of 1982. Plaintiff notified Transit Homes of his intent to file a damage claim on his trailer before July 2, 1982. However, he did not submit an estimate for his damages until after Transit had filed bankruptcy on February 8, 1983. He filed this suit against the defendant on June 17, 1983. The defendant filed a motion to stay the proceedings on September 27, 1983, because of Transit's bankruptcy. A hearing on this motion was set for October 10, 1983. No judgment was ever issued on the motion; however, the court minutes for that date show that a pre-trial conference was held and that trial was set for December 13, 1983.[1]
After hearing the evidence in the instant suit, the trial court issued its judgment on January 9, 1984, together with written reasons. It held that the plaintiff had proven the amount of damage to his trailer while it was in the care of defendant's now bankrupt insured, and that the defendant was liable to the plaintiff under the terms of the endorsement.[2] We agree and affirm.
Defendant argues that the trial court erred in denying the defendant's motion for a stay of proceedings, since actions against its insured were automatically stayed pursuant to the Bankruptcy Code, 11 U.S.C.A. § 362(a). Defendant alleges the stay *382 should have applied to it also because its liability under the endorsement is that of a surety.
The protection of the automatic stay provision of § 362(a) does not apply to co-debtors. Wedgeworth v. Fibreboard Corp., 706 F.2d 541 (5th Cir.1983). The obligation of a surety toward a creditor is to pay him if the debtor does not satisfy the debt. La.Civ. Code art. 3045. A surety may not assert exceptions which are personal to the debtor. La.Civ. Code art. 3060. Bankruptcy is a "personal defense" within the meaning of art. 3060; therefore, the surety is prohibited from opposing the creditor by use of this exception. Simmons v. Clark, 64 So.2d 520 (La.App. 1st Cir.1953).
The Louisiana Statute, LSA-R.S. 22:655, giving a plaintiff the right of direct action against an insurer, applies even if proceedings have been stayed against the insured because of bankruptcy. 706 F.2d at 547. While an automatic stay against an insurer is not applicable, a court, in its discretion, can refuse to allow an action against an insurer to proceed if the bankrupt's assets are threatened. 706 F.2d at 548.
As noted previously, the endorsement, which makes the defendant liable under its insurance policy, provides that for any payment up to $5,000.00 for loss or damage to property carried on any one motor vehicle, the defendant has the right of reimbursement from its insured. A policy which contains such an endorsement renders the insurer a surety to its insured for the claims payable solely under the endorsement. In Re Yale Express System, Inc., 362 F.2d 111 (2d Cir.1966).
In the instant case, the defendant is a surety; the amount owed is less than $5,000.00, and would otherwise be within the deductible limits. The defendant cannot raise its insured's personal defense of bankruptcy to stay the direct action proceedings against it. Additionally, because of the wording of the endorsement, the defendant stands in the shoes of a solidary co-debtor in regard to the plaintiff. The endorsement gives the plaintiff the right to the plaintiff. The endorsement gives the plaintiff the right to look directly to the defendant whether or not the insured carrier has the ability to pay.
Defendant also argues that the trial court erred in accepting the plaintiff's witness, William Perkins, as an expert in the field of mobile home repair costs, and in refusing to accept the defendant's witness, Jack Hobson, the president of the insured, Transit Homes, Inc., as an expert in the same field because of his interest in the suit.
A trial judge has much discretion in determining whether to qualify a witness as an expert and his judgment on such will not be disturbed by an appellate court unless it is clearly erroneous. Brown v. Morgan, 449 So.2d 606 (La.App. 1st Cir.1984). Experience alone is enough to qualify a witness as an expert. Hebert v. Broussard, 450 So.2d 1038 (La.App. 1st Cir.1984). It is not always necessary to have formal training or education to qualify as an expert in a particular field. Burrell v. Kirkpatrick, 410 So.2d 1255 (La.App. 3rd Cir. 1982).
In the instant case, plaintiff's expert witness was a local mobile home repairer with seven years experience. However, he had no formal training for either repairing or appraising damage to mobile homes. Upon the defendant's objection to his testifying as an expert, the court said that even with no schooling the witness should be permitted to "testify as to what materials he saw that were damaged. What they cost on the open market by virtue of his seven years experience." The court further indicated that the witness was not going to be considered an expert in regard to causation of damage which required technical knowledge, noting that "he's certainly not an accident reconstruction expert. He's not tendered as such." The facts surrounding the testimony of the plaintiff's witness establish that the court did not abuse its discretion; its acceptance *383 of the witness as an expert was not clearly wrong.
As to defendant's witness, at the time of trial, Civil Code article 2282 (1984) provided that a witness with an interest in the suit was not to be considered as incompetent, but that the circumstances might diminish the extent of his credibility. Thus, an interested party could testify as an expert. Hebert v. Brazzel, 393 So.2d 135 (La.App. 3d Cir.1980), writ granted, 394 So.2d 1234, aff'd, 403 So.2d 1242. An otherwise qualified expert can be precluded from testifying as an expert witness where it is not shown that the witness has knowledge of the prevailing rates for work in the area. See George Lawrence & Sons, Inc. v. Lucas, 198 So.2d 427 (La.App. 4th Cir. 1967).
In the instant case, defendant tendered Hobson, the president of Transit Homes, Inc., as an expert witness in the field of mobile home repair. Hobson was not accepted as an expert, but he was allowed to proffer his expert testimony and to testify as to facts within his knowledge. Hobson had 34 years experience in repairing and transporting mobile homes. On proffer, he testified as to what the cost of repairs for this type mobile home should be in Elkhart, Indiana. He stated such figures should approximate costs nationwide. However, he admitted that he had not inspected the mobile home in question and that he did not know what it would cost to obtain and install replacement parts locally. He could not provide names of local dealers who would supply materials or labor at the prices he quoted.
In the written reasons for judgment, the trial court stated that Hobson was not accepted as an expert because he was essentially a party at interest. However, the court also noted, "The testimony of Mr. Hobson who represents defendants was speculative without any written documentation as to prices in the local area."
The trier of facts is not bound by expert testimony, but evidence of an expert witness is received in the same manner as non-experts, and is to be weighed by the trier of fact the same as any other evidence. Carter v. Financial Advisor & Consultant, Inc., 444 So.2d 646 (La.App. 1st Cir.1983), writ denied, 446 So.2d 313.
Upon reviewing the record and the written reasons for judgment, it is evident that the court considered the testimony of Hobson as well as that of Perkins, and in the court's own words, "Mr. Perkins is simply the best evidence presented to the Court to compensate for the damage." Such a finding by the court is not clearly wrong.
Plaintiff requests mandatory assessment of damages and attorney fees against the defendant under LSA-R.S. 45:1097.1 45:1097.5. These statutes provide that every claim for loss or damage to property while in possession of a common carrier for interstate shipment shall be adjusted and paid within 60 days after filing of the claim with the carrier's agent at the point of destination. The carrier is liable for the amount of loss plus legal interest from the date of filing of the claim until payment. Daily monetary penalties and attorney fees are also provided. The statute also states that no assessment of damages will be made for good faith denial of liability.
Since the statute under which the damages are claimed is penal in nature, it must be strictly construed. Avant v. A-1 Moving and Storage Company, 260 So.2d 355 (La.App. 4th Cir.1972). Transit Homes, although notified about a potential claim, was not provided with an estimate of damage until after they had gone into bankruptcy, more than seven months after the damage was incurred. The record is devoid of evidence that the defendant received notice of the claim until the filing of this suit in June, 1983. Therefore, we find plaintiff is not entitled to penalties and attorney fees.
For the foregoing reasons, we affirm the judgment of the trial court awarding the plaintiff $3,293.85, plus costs and legal interest *384 from judicial demand. Costs of this appeal are to be borne by the defendant.
AFFIRMED.
NOTES
[1] On November 29, 1983, the trial court upheld plaintiffs motion for summary judgment, finding that the defendant company's policy afforded insurance coverage in regard to this suit. No appeal was taken in regard to the summary judgment.
[2] The finding of legal liability on the part of defendant's insured. Transit Homes, Inc., was not appealed.